## STATE versus WARREN.

To constitute a dwellinghouse, within the purview of the statute which imposes a penalty for burning any building within the curtilage of a dwellinghouse, there must be an actual occupation of it by some person or persons. It is not sufficient that it was designed for a dwellinghouse, and capable of being occupied for that purpose.

On EXCEPTIONS from *Nisi Prius.*

Indictment for burning a barn, on the 18th March, 1849, within the curtilage of a dwellinghouse.

It appeared upon the trial that the house had been occupied for keeping persons infected by the small pox, but that they had all been removed from the house three or four weeks before the barn was burnt ; that during that period of three or four weeks the house had not been occupied by any person, as a dwellinghouse.

The jury were instructed that, if the house was intended to be occupied as a dwellinghouse, and was capable of being so occupied on the 18th March, 1849, it must be considered a

dwellinghouse within the intention of the statute, although no persons were then in the occupation of it. Exceptions were filed to that instruction.

*N. D. Appleton*, for the defendant.

The inquiry should not have been, what the house was designed for, or was capable of being, but whether it was *then* a dwellinghouse.

To constitute a building a dwellinghouse, it must be a habitation for man, and usually occupied by some person lodging in it at night, though such occupant may for a time be absent, leaving furniture therein, with an intention of returning. 4 Black. Com. 224; 1 Leech, 185; 2 Russell, 914, 922.

Under an intimation from the Court that the instructions were erroneous, and could not be sustained, the Attorney General entered a *nol. pros.*, and the defendant was discharged.