Corbin v. Cannon et al.

## JAMES J. CORBIN v. BALUS E. CANNON et al.

1. PLEADING: EJECTMENT: TENANTS IN COMMON.—It seems to be settled under the common law system of pleading, that joint tenants and parceners could unite in an action of ejectment, but that tenants in common could not so unite. Adams on Ejectments, 209.

2. PLEADING: EJECTMENT: TENANTS IN COMMON.—The fictions which encumbered the action of ejectment under the common law system of pleading, have been abolished by the Statute of 1850, and tenants in common may now unite in an action of ejectment.

3. EJECTMENT: OUSTER.—A tenant in common may maintain an action of ejectment against his co-tenant, or those holding under him, upon proof of ouster.

4. SAME: OUSTER:—Actual ouster does not imply an act accompanied by force, but may be inferred by the jury from the circumstances.

5. NEW TRIAL: INSTRUCTIONS.—If the verdict of the jury be clearly in accordance with the law and the evidence, it will not be disturbed, although the court improperly refused to give a legal instruction.

IN error from Circuit Court of Kemper county. Hon. John Watts, judge.

The facts of the case are sufficiently detailed in the opinion of the court.

*Freeman* and *Dixon*, for plaintiffs in error,
Cited 4 Kent, Com. 369, 370.

*T. Reavis* and *J. S. Hamm*, for defendants in error.

1. Tenants in common may join in an action to recover real property, or each may bring a separate action. 27 Ala. R. (new series,) 359; 18 Ib. 417; 11 Pick. R. 269; 12 Ib. 34, 120; 7 Mass. R. 135; 1 Root, 246; 13 Johns. R. 286; 15 Ib. 479; 2 Bay, R. 457, 461, 462, 539; 1 M'Cord, R. 161; 4 Cranch, 165; 7 Blackf. R. 442; 1 Bailey, R. 307; 26 Ala. R. 426, (new series); 23 Ib. (new series,) 781; 22 Ib. 396; 21 Ib. 741; *Jackson* v. *Sidney*, 12 Johns. R. 185; *Stevenson* v. *M'Creary*, 12 Smedes & Marsh. R. 9.

2. One tenant in common may recover against another, on proof that he holds and claims the whole property adversely. *Harmon*

v. *James*, 7 Smedes & Marsh. R. 111; *Hubbard* v. *Wood*, 1 Smeeds, (Tenn.) R. 279; 9 Dana, R. 385; 15 Verm. R. 552; 2 Dev. & Batt. R. 97; 3 Conn. R. 191.

3. A sale of land, by parol, is void, both at law and in equity. Hutch. Code, 637, art. 1, § 1, p. 605; 3 Cushm. R. 58; 2 Ib. 488; 13 Smedes & Marsh. R. 93; 9 Ib. 207.

4. Under the Act of 1850, Sess. Acts of that year, p. 61, § 9, the rents and profits of land may be recovered in the same action in which the land is recovered.

SMITH, C. J., delivered the opinion of the court.

This was an action, instituted in the Circuit Court of Kemper county, by the defendants in error against the plaintiff, for the recovery of seven-elevenths of certain tracts of land alleged to be held adversely by the said plaintiff in error.

The complaint alleged that Benjamin Cannon died intestate, seised and possessed of the lands in controversy, which descended to the plaintiffs, and to Virgil M. Cannon, Harriet Cannon, Adebiza Cannon and Huldah Barksdale, jointly, as the heirs at law of the said Benjamin Cannon, deceased. That the plaintiffs, seven in number, are entitled, as such heirs at law of the said deceased, to seven shares or seven-elevenths of the said lands; that the defendant, James Corbin, who was in possession of the said lands at or about the time of the death of Benjamin Cannon, received a quit-claim deed from Virgil M., Harriet and Adebiza Cannon, and Huldah Barksdale, for their shares, that is, for four-elevenths of the lands, and by that means became, with the plaintiffs, tenants in common of the same; and that the defendant has received and appropriated to his own use, the whole of the rents and profits, and denies the title of the plaintiffs to said lands, holding and claiming possession of the whole of the premises in question adversely to his co-tenants.

A demurrer was filed in the court below, in which the defendant assigned, with other special grounds of demurrer, that tenants in common could not maintain a joint action to recover possession of the land; but were compelled to sue separately. The demurrer was overruled, the cause submitted to a jury upon the defendant's answer, which contained a general denial of the allegations in the

complaint, and a verdict was rendered for the plaintiffs. A motion was then made for a new trial, upon the ground that the verdict was contrary to law and evidence; and that the court erred in refusing certain instructions prayed in behalf of the defendant. This motion was also overruled; whereupon the defendant excepted and sued out his writ of error.

The Act of 1850, regulating the forms of pleading, has rendered inapplicable many of the principles which governed the actions of ejectment as it theretofore existed under our law. But in determining the questions raised by the demurrer, in this case, that is, whether tenants in common can sue jointly to recover the lands, or whether each is not bound to bring a separate action, we may with propriety consider the reasons upon which the rules, under the former practice, regulating the joinder of parties in the action of ejectment, were based.

It seems to have been settled under the former practice, in the action of ejectment, that although the demise declared on by the plaintiff be fictitious, it must, nevertheless, be consistent with the title of his lessor; that is to say, such a demise must be supposed to be made as would, if actually made, have transferred the right of possession to the lessee. Thus, where there are several lessors, and a joint demise by all is alleged, such a title must be shown at the trial, as would authorize each of them to demise the whole. For if any one of the lessors should not have a legal interest in the whole of the premises, he could not, in law, be said to have demised them. Adams on Eject. 209.

For this reason, under the English practice, it was held that joint tenants and parceners could, but that tenants in common could not, make a joint demise of the whole premises. Joint tenants and parceners being seised *per my et per tout*, deriving from one and the same title, and having a joint possession; whereas tenants in common have several and distinct titles and estates independent of each other, so as to render the freehold several.

But the plaintiff, in ejectment, may declare upon separate demises from two or more tenants in common; or they must join in a lease to a third person, and state the demise to the plaintiff to have been made by their lessee; and the plaintiff, at the trial, may

give in evidence the separate titles of the several lessors to separate parts of the premises in question, and recover accordingly. Adams on Eject. 211; *Jackson ex dem. Roman et al.* v. *Sidney*, 12 Johns. R. 185.

The fictions which encumbered the action of ejectment have been abolished by the statute. The owner or claimant, without the intervention of a nominal plaintiff, sues directly for the recovery of the premises to which he claims title. There seems, therefore, no reason founded upon any analogy which exists between the present mode of procedure and the former action of ejectment, which renders it improper for tenants in common to join in the same action for the recovery of the land. If tenants in common, upon the assumption that separate demises were made to a fictitious plaintiff, or that a joint lease was made by them to a person who made a demise to the nominal plaintiff, could recover possession of the unexpired term, there can be no sensible reason why the same parties may not jointly sue directly for the recovery of the land. No good reason exists against their showing a separate title in each to a distinct part. In the case at bar, and in no case, could this course subject the defendant to any inconvenience, or operate as a surprize upon him; and the costs to which he may be made liable, on a recovery against him, will be much less than if seven separate actions were brought. This course prevents multiplicity of suits, and should, for that reason, be encouraged. We think, therefore, that the demurrer was properly overruled.

The next objection arises upon the charges which were requested by the defendant and refused by the court.

The only instruction requested by the defendant, and withheld, which we deem it necessary to notice, is the fourth or last one. That charge is somewhat obscurely expressed. We presume, however, from the argument of counsel, that it was designed to raise the question whether the plaintiffs, being tenants in common with the defendant, of the lands in controversy, could recover their portion of the same: in other words, whether one tenant in common, can recover from his co-tenant his undivided moiety of the land.

One tenant in common cannot maintain an action of ejectment against his co-tenant or those claiming under him, without proof of

ouster by such co-tenant. But upon proof of ouster, all the authorities hold that this may be done. The term *actual ouster*, does not imply an act accompanied by real force; and an actual *ouster* may be inferred from circumstances, which circumstances are matter of evidence to be left to the jury. *Clark* v. *Vaughn*, 3 Conn. R. 191; *Leonard et al.* v. *Leonard*, 10 Mass. R. 283; *Valentine* v. *Northrop*, 12 Wend. R. 494; 7 S. & M. 111; Adams on Eject. 55.

No exception is taken to the judgment of the court on the motion for a new trial, upon the ground, either that the jury were erroneously instructed, or that the evidence does not sustain the verdict. It is proper, however to state, that there was error in the refusal to give the third charge requested by the defendant. Proof of ouster was essential to entitle the plaintiffs to recover; and the court should so have instructed. But as the verdict is clearly right on the law and the facts, it will not, for that cause, be disturbed.

Judgment affirmed.