FAIRFAX WASHINGTON et al. *v.* JOHN J. McCAUGHAN, Admr., &c.

1. PLEADING: JUDGMENT ON SUSTAINING DEMURRER TO APPLICATION, IS FINAL FOR DEFENDANT IF PLAINTIFF DECLINES TO PLEAD FURTHER.—Where the defendant's demurrer, to the replication of the plaintiff to any one of his several pleas is sustained, if the plaintiff decline to plead further, judgment final should be entered on the demurrer, for the defendant.

2. EXECUTOR AND ADMINISTRATOR: SALE OF LAND UNDER ACT OF 1830: ADMINISTRATOR MUST EXECUTE BOND.—A sale of land, for the benefit of the heirs, made by an administrator under the Act of 1830 (Hutch. Dig. 677) is void, unless the administrator has executed a bond, to apply the proceeds of the sale, as required by the second section of the act.

3. SAME: SALE OF LAND FOR DIVISION CANNOT BE MADE ON APPLICATION OF ADMINISTRATOR.—An administrator can be empowered by the Court of Probates to sell the real estate of his intestate, in those cases only where the power is expressly or by necessary implication given by statute. The Act of 1821, § 102, Hutch. Dig. 667, which authorizes a sale of the realty of a decedent, to insure a more equal division among the heirs, clearly means that the application to sell shall be made by one of the heirs; the administrator, therefore, is not authorized to make such application, and if he do, a sale made in pursuance thereof will be void.

4. SAME: PURCHASER OF LAND, FROM ADMINISTRATOR, MAY ATTACK THE SALE WITHOUT SURRENDERING POSSESSION.—The purchaser at an invalid sale of real estate by an administrator, is not bound to offer to surrender the possession thus acquired, in order to entitle him to resist the collection of the purchase-money. *Aliter*, as to a purchaser of personal estate.

IN error from the Circuit Court of Harrison county.    Hon. William M. Hancock, judge.

John J. McCaughan, as administrator of Randall Bingham, brought an action against Fairfax Washington *et al.* to recover the amount of a bond, executed by the defendants to the plaintiff.

To this action the defendants filed seven pleas.

1st. The general issue.

2d. That the bond was given in consideration of a sale of land by plaintiff, as administrator of Bingham, and that he had made no deed to the defendants for the same.

To this plea the plaintiff filed a replication, setting out that he

had executed a deed, and filed it for record. The defendants demurred to the replication, and their demurrer was overruled.

3d. That the sale was made under the Act of the 16th December, 1830, authorizing a sale of land for the benefit of those interested, and that the plaintiff had not executed bond for the appropriation of the proceeds as thereby required; and that, therefore, the sale was void, and there was no consideration for the bond. To this, the plaintiff replied, that the sale was not made under the Act of 1830, but was made under the statute authorizing a sale of land for partition. To this replication the defendants demurred, and assigned as cause, that if the sale was not made under the Act of 1830, there was no law authorizing the sale. The court sustained the demurrer, and the plaintiff declined further to reply.

4th. The defendants relied upon want of legal notice to the heirs of the application to sell; and the plaintiff replied, averring notice and pleading the judgment of the court, ordering the sale, &c. The defendants' demurrer to this replication was overruled.

5th. That the bond sued on was without consideration; and upon that the plaintiff took issue.

6th. That the plaintiff falsely represented to the defendants that he had taken all legal steps to confer a power on them to sell the land, and that they had not done so; that they had failed to give bond, as required by law.

Upon the plaintiff's demurrer to this plea being overruled, he replied by denying the averments of the plea, and averring that the sale was made by order of the Probate Court for a division; and that defendant, Washington, went into possession under his purchase, and still holds the same, and has received rents and profits to the amount of $500 per annum; and that he has made no offer to return to the plaintiff the land or the rents; that the sale was made, by and with the consent of all the heirs given in court, and was sanctioned and approved by the court, and was not made for any cause, requiring a bond other than his administration bond.

The defendants' demurrer to this replication was overruled, and there was no further pleading under this plea.

7th. That the sale was so conducted by the plaintiff, that it was absolutely void. The plaintiff demurred to this plea, upon the

ground that no particular misconduct on their part was set out, and their demurrer was sustained.

The judgment of the court on the several demurrers is as follows :—

" Upon hearing of this cause on demurrer of the plaintiff to the defendants' sixth and seventh answers, or grounds of defence, it is ordered and adjudged by the court that the said demurrer be sustained to the defendants' seventh ground of defence, and overruled as to the sixth; when the plaintiff made replication to the defendants' sixth ground of defence, and thereupon the defendants demurred to the plaintiff's 2d, 3d, 4th and 6th replications to the defendants' 2d, 3d, 4th and 6th answers, or grounds of defence, and these several demurrers coming on to be heard, and the court having heard argument from counsel on both sides, doth thereupon order and adjudge that said demurrers be sustained to plaintiff's 3d replication, but overruled as to the 2d, 4th and 6th replications.

" And neither party, plaintiff or defendants, tendering any further pleadings or issues upon said 2d, 3d, 4th and 6th grounds of defence and replications thereto, it is ordered that judgment final be rendered on said demurrers.

" Whereupon the court doth consider and adjudge *that the defence tendered by defendants as their third ground of defence, would be a sufficient bar to plaintiff's action but for the preclusion of defendants to avail themselves of said bar, by reason of the matter adjudged against them, on their demurrer to plaintiff's sixth replication to defendants' sixth ground of defence.*

" Whereupon the court doth now order and adjudge that the plaintiff do have and recover of the defendants the sum of two thousand and eighty-two dollars," &c.

The record from the Probate Court, filed with the plaintiff's replications, showed that the application to sell the land was made by the plaintiff, upon the ground that it was impracticable to make division among the heirs.

It also showed that the heirs appeared and answered, and consented that the prayer of the petition be granted. The answer, as to two of the heirs, was signed by their guardians.

The defendants below prosecute this writ of error.

*F. Anderson,* for plaintiff in error.

*Champlin* and *Adams,* on same side.

*W. P. Harris,* for defendants in error.

FISHER, J., delivered the opinion of the court.

The defendants below pleaded that the obligation, upon which the suit was brought, was given to secure the payment of the purchase-money of certain real estate, sold by the plaintiff as administrator of the estate of one Randall Bingham, deceased, under an order of the Probate Court of Harrison county; and that the plaintiff omitted to execute a bond at the time of obtaining the said order, as required by the second section of the Act of the 16th of December, 1830.

To which the plaintiff replied, that it was true he failed to execute said bond, because the sale was not made under the provisions of the said statute, but under a different statute, for the purpose of making partition and division among the heirs-at-law. To this replication the defendants demurred, and the court sustained the demurrer; but, upon other issues, rendered a judgment final for the plaintiff. The whole merits of the controversy being presented by the demurrer to the replication above set forth, an examination of the other issues is unnecessary. When the court sustained the demurrer to the replication, it was equivalent to saying that the plea, the truth of which was confessed by the replication, was sufficient in law to bar the plaintiff's action; and, conceding that the demurrer was well taken, the court should have rendered a judgment final for the defendants, unless the plaintiff desired to interpose another replication.

The object of the plea was to show that the sale was invalid, and the obligation consequently without consideration. If it were true that the Probate Court proceeded under the provisions of the Act of 1830 to order the sale of land, the order not requiring the administrator to execute the bond required by the second section of the act, would, of course, upon familiar principles, be void, for the reason that it was not enough that he should be empowered to make the sale, but that he should be bound also to apply the money in the mode prescribed by the statute. The plea then setting up a

good defence, the question is, whether it was sufficiently avoided by the replication, which alleges that the sale was made for partition and division under the provision of the Statute of the 26th of November, 1821, and that no bond was required under the terms of this latter statute. It will be sufficient to remark on this subject, that an administrator can only be empowered by the Probate Court to sell real estate in those cases, where the power is expressly or by necessary implication given by the statute. The section of the statute relied on to sustain the replication, clearly means that the application to sell land, when an equal division cannot be made, shall come from some one or all of the parties interested in the division, and the application could not, therefore, be made by the administrator. The subject was one in no manner connected with the administration, and the power to sell could not be conferred by the court upon the administrator or any other person, except at the instance of the heirs-at-law, by a proceeding instituted by them for that purpose. The replication, therefore, so far from sustaining the sale, showed it to be absolutely void. This issue presenting the whole merits of the controversy, the court should have rendered a final judgment on the demurrer for the defendants.

The fact appeared that the defendants were in the peaceable and undisturbed possession of the land, and upon this state of the case it may be presumed that the judgment was rendered below for the plaintiff. The rule is now firmly settled in this court, in regard to a sale of personal estate by an administrator, that the purchaser retaining possession, and not offering to restore the property to the administrator, shall not be permitted to resist the payment of the purchase-money on the ground that the sale was invalid. The administrator, in regard to personal estate, holding the title in trust for creditors and distributees, is bound to account for the property or its value ; and it is in virtue of this liability to account, that a purchaser will not be allowed to retain the property, and at the same time resist the payment of the purchase-money. But the case is wholly different in regard to real estate : the administrator is responsible for nothing until he shall have made a sale under the authority of the Probate Court, legally authorized. In this case, upon the administrator's own showing, he could not be clothed with any authority whatever to make the sale. Nor is he entitled to the

rents and profits of the land, nor to the possession, if the defendants were to offer to restore it to him; or, in other words, he cannot be injured or subjected to liability on account of the defendants' acts.

Judgment for the plaintiff below reversed, and judgment on the demurrer to the third replication for the defendants.