## J. T. HETH, ADMINISTRATOR, *v.* N. N. WILSON.

COUNTY ADMINISTRATOR. *Required to give bond for sale of realty.*

Where a county administrator has given the general bond required by section 1093 of the Code of 1871, as a prerequisite to his qualification, section 1092, which provides that "he shall proceed to administer the estates according to law, as in other cases, and under the direction of the court, without giving any other bond," relieves him from the necessity of executing a new bond for each estate that he may administer, but does not dispense with the special bond required, under section 1197, of all administrators making sales of realty; and any such sale made without this special bond is void.

ERROR to the Circuit Court of Yazoo County.

Hon. S. S. CALHOON, Judge.

The plaintiff in error, as county administrator, became administrator of the estate of W. H. Simmons, deceased. The estate was declared insolvent, and, by a decree of the court, the lands were ordered to be sold, and a part of them was sold by the administrator to N. N. Wilson, the defendant in error, who gave his promissory notes for a part of the purchase-money. The notes not having been paid at maturity, Heth, the administrator, brought suit thereon. The defense made by the plea of the defendant was that the administrator did not, prior to the sale of the land, give bond for the faithful application of the proceeds thereof, as required by the statute. The plaintiff replied that the administrator had given bond as county administrator, to perform the duties of his office, and that no other bond was required of him by the statute. The defendant demurred to the declaration, and the demurrer was sustained.

*W. L. Nugent*, for the plaintiff in error.

Section 1092 of the Code of 1871 expressly provides that a county administrator shall not give any other bond than that required in section 1093, which is a bond in the penalty of $5,000, conditioned that he will well and truly perform and discharge all the duties of the office of county administrator, according to law or the order of the court. He is a public

officer charged with a special duty, and required only to give a certain designated bond. The law says he shall proceed to administer the estates committed to his charge without giving any other bond, and that he shall not personally be bound for costs. He is not to be regarded as an ordinary administrator; in fact, he is not an administrator, but the county administrator. · The county administrator is excepted out of the operation of section 1197. If it were not so, no one could be found to accept the office. I think it quite clear that the county administrator could not be required to give the bond called for by section 1197 of the Code of 1871.

*A. M. Harlow*, on the same side.

*A. H. Handy*, for the defendant.

The defendant's demurrer to the plaintiff's replication was properly sustained. The pleas set up, in substance, that the notes sued on were given for the purchase-money of lands belonging to the estate of a decedent, and sold for the payment of the debts, the estate having been declared insolvent; and that the sale was made under an order of court by Heth, the county administrator, without any bond having been given by him, or anybody else, for the application of the proceeds according to law. The replication simply showed that Heth had given bond as general county administrator, and to this replication the demurrer was sustained. This was manifestly correct under the settled law of this court. *Currie* v. *Stewart*, 26 Miss. 646; *Hamilton* v. *Lockhart*, 41 Miss. 460; *Washington* v. *McCaughan*, 34 Miss. 304. And it makes no difference that the administrator acting in the matter is county administrator. *Rucker* v. *Dyer*, 44 Miss. 591.

Cʜᴀʟᴍᴇʀs, J., delivered the opinion of the court.

It is insisted that the requirement of section 1197 of the Code, that administrators and executors shall, before making sale of the lands of their intestates or testators, execute special bonds for the faithful application of the proceeds of such sales, does not apply to county administrators, because, by the terms of

section 1092, it is declared that these officers shall proceed to administer the estates of decedents without giving any other bond than the general one required of them in entering upon their offices.

We cannot adopt this view. The general bond given by a county administrator, under section 1093, is a prerequisite to his qualification, and, when given, covers every estate which he may be called upon to administer. The declaration in section 1092, that " he shall proceed to administer the estates according to law, as in other cases, and under the direction of the court, without giving any other bond than the one hereinafter provided for " (referring to the general bond provided for in section 1073), only relieves him from the necessity of executing a new bond for each estate successively administered, but does not dispense with the special bond required, under section 1197, of all administrators making sales of realty. It simply makes their general qualification in office, and the bonds then given cover the personalty of all estates which may come to their hands; but as to the special matter of selling land, they stand upon the same footing as other administrators.

It follows that a sale of realty made by a county administrator, without the precedent execution of a bond, in accordance with section 1197, is void.

Judgment affirmed.