## CLAY & WIFE *v.* FIELD.

IN ERROR, TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF MISSISSIPPI.

Submitted October 19, 1885.—Decided November 2, 1885.

The Mississippi Code of 1871, § 2173, by which any action to recover property, because of the invalidity of an administrator's sale by order of a probate court, must be brought within one year, "if such sale shall have been made in good faith and the purchase money paid," does not apply to an action brought by the heir to recover land bid off by a creditor at such a sale for the payment of his debt; and conveyed to him by the administrator, and not otherwise paid for than by giving the administrator a receipt for the amount of the bid.

Under the Mississippi Code of 1880, §§ 2506, 2512, a tenant in common who has been ousted by his cotenant may maintain ejectment against him, and recover rents and profits in the same action.

The facts are stated in the opinion of the court.

*Mr. William L. Nugent* for plaintiffs in error.

*Mr. Frank Johnston* and *Mr. J. E. McKeighnan* for defendant in error.

MR. JUSTICE GRAY delivered the opinion of the court.

This was an action of ejectment, brought November 27, 1880, to recover possession of an undivided half of a tract of land, and the rents and profits thereof. Both parties claimed title under David I. Field, who died in 1869. At the time of his death, he and his brother, Christopher J. Field, owned in fee simple and occupied the land as tenants in common, and were partners in the business of planting thereon. The plaintiff, who came of age within a year before bringing the action, was the only son and heir at law of David I. Field. The defendants were in possession and claimed title under a sale and conveyance made by his administrator to the female defendant on December 20, 1869, by virtue of an order passed by the Probate Court on April 13, 1869, upon a petition filed by the administrator for the sale of the land to pay a debt due from the partnership to Christopher J. Field and by him probated

in the usual form. The judgment below was for the plaintiff, and the defendants sued out this writ of error.

As appears by a uniform series of decisions of the Supreme Court of Mississippi, and is not denied by the defendants, that sale was invalid as against the heir, because the administrator never gave bond to account for the proceeds of the sale, as required by the statutes of the State. *Currie* v. *Stewart*, 26 Miss. 646, and 27 Miss. 52 ; *Washington* v. *McCaughan*, 34 Miss. 304; *Heth* v. *Wilson*, 55 Miss. 587.

The other objections urged by the plaintiff against the validity of the sale need not therefore be considered ; and the case turns on the effect of § 2173 of the Code of Mississippi of 1871, which is in these words :

" No action shall be brought to recover any property heretofore sold by any administrator, executor or guardian, by virtue of the order of any probate court in this State, on the ground of the invalidity of such sale, unless such action be commenced within one year after this chapter shall take effect, if such sale shall have been made in good faith, and the purchase money paid ; nor shall any action be brought to recover land or other property, hereafter sold by order of a chancery court, where the sale is in good faith, and the purchase money paid, unless brought within one year after such sale."

This is a remedial statute, the object of which is to shorten litigation over the estates of deceased persons, and to quiet the titles of those who have in good faith paid the purchase money for lands sold under defective and invalid proceedings in the Probate Court ; and the courts of the State have given it full effect, according to its terms, even against heirs who are infants or under other disability. *Morgan* v. *Hazlehurst Lodge*, 53 Miss. 665 ; *Hall* v. *Wells*, 54 Miss. 289 ; *Summers* v. *Brady*, 56 Miss. 10.

But it protects no one who is not proved to have purchased the land in good faith, and to have actually paid the purchase money.

In the case at bar, Mrs. Clay (the daughter and sole heir of the brother and partner of the intestate, who had probated against the estate a debt due to him from the partnership) bid

off the land at the administrator's sale, and received a deed thereof from the administrator. But the court, before which the case was tried (a jury having been waived in writing by the parties), has expressly found that "no money was ever paid on the bid," and "no credit was ever entered upon the probated indebtedness." It is indeed found that "a receipt was given to the administrator for the amount" of the bid; and, although by whom that receipt was given does not appear, it may be presumed to have been given by some one authorized to represent her father's estate and herself. But a mere receipt, acknowledging payment of money, is not conclusive evidence against the person giving it. It is not shown that any release of the probated debt was ever executed, or that the administrator ever accounted in the Probate Court for the amount of the bid. Mrs. Clay could not have been compelled to pay the amount; and, if she bought without notice of the invalidity of the sale, could have had the sale set aside in equity. *Miller* v. *Palmer*, 55 Miss. 323. In short, no act appears to have been done by herself, by the administrator, or by the Probate Court, which, on the one hand, changed her condition, or estopped her, or any representative of her father, to deny that the debt probated by him had been paid or discharged, or to assert any right which existed before the sale; or, on the other hand, estopped the administrator to deny that the purchase money for the land had been paid to him.

Under such circumstances, to hold that the purchase money is proved to have been paid would be to disregard both the words and the intent of the statute.

The case of *Summers* v. *Brady*, above cited, on which the defendants relied, is quite distinguishable. The facts of that case, as assumed in the opinion, and more fully brought out in *Sively* v. *Summers*, 57 Miss. 712, were as follows: The land was sold by order of the Probate Court for the payment of several debts probated by Sively, the administrator, by one Drone, and by various other persons; and was bought by and conveyed to Drone in his own name, but in fact for himself and Sively jointly; Drone immediately conveyed two-thirds of the land to Sively, and the two afterwards conveyed the whole

to a third person, under whom the defendants claimed title. The administrator settled his final account, charging himself with the whole of the purchase money as in his hands; the court ordered that money to be divided *pro rata* on all the probated debts ; and all the creditors but Drone and Sively were actually paid their dividends out of it. Drone and Sively were estopped to deny that their debts had been extinguished by the sale and conveyance of the land to them, because they had not only taken possession of the land, but had conveyed it away ; and Sively, as administrator, was estopped to deny that he had been paid the whole purchase money upon the original sale, because he had charged himself with it in his final account allowed by the Probate Court.

In the other case, cited for the defendants, of *Callicott* v. *Parks*, 58 Miss. 528, the report does not show that any question of the mode of payment was presented or considered.

The title in the land being in the plaintiff and Mrs. Clay as tenants in common, each owning an undivided half, and she having ousted him, and claiming title to and holding possession of the whole land, he has the right, under the Mississippi Code of 1880, § 2506, as at common law, to maintain ejectment against her, as well as to sue her for a share of the rents and profits. Co. Lit. 199 *b ; Goodtitle* v. *Tombs*, 3 Wils. 118 ; *Corbin* v. *Cannon*, 31 Miss. 570 ; *Letchford* v. *Cary*, 52 Miss. 791. And by § 2512 of that code, mesne profits for which any defendant in ejectment is liable may be sued for and recovered, either in the action of ejectment, or by a subsequent separate action.

*Judgment affirmed.*