## DESROCHES *v.* McCRARY.

1. WORDS AND PHRASES—DWELLING HOUSE.

A dwelling house is the house in which a man lives with his family, a residence, the apartment or building or group of buildings occupied by a family as a place of residence, usually occupied by the person lodging in it at night.

2. LANDLORD AND TENANT—RENT CONTROL REGULATIONS—TENANT'S POSSESSION OF ONE DWELLING.

It is not the intent and purpose of the rent control regulations promulgated by the office of price administration to protect a tenant in the possession of more than one dwelling (8 Fed. Reg. 7322, 7326).

3. SAME—RENT CONTROL REGULATIONS—SUBTENANTS.

Tenant who had removed his family and all of his household furnishings except one bedroom suite, presently used by him twice a week to stay overnight, to home recently purchased by him and left his sister and her daughter who theretofore had been living with defendant and family in plaintiff's premises, was not within the protective provisions and meaning of rent control regulation of office of price administration since the occupants are tenant's subtenants and no part of the premises is used by the tenant as his own dwelling (8 Fed. Reg. 7322, 7326).

4. TENANCY IN COMMON—OCCUPANCY.

A tenant in common of lands cannot recover from his cotenant for the use and occupation by the latter of the lands claimed in common, in the absence of any express promise as the right of occupancy, pervading the whole land, is one of the incidents of the tenancy.

5. SAME—OCCUPANCY UNDER COTENANT'S OWN RIGHT.

One cotenant is not excluded by the failure of the other cotenant to occupy but whatever one of them occupies in such case is in his own right and not under his cotenant.

6. SAME—RIGHT TO POSSESSION.

Plaintiff, as one of two tenants in common, is a person entitled to possession as against everyone but his cotenant.

7. FORCIBLE ENTRY AND DETAINER—SUMMARY PROCEEDING POSSESSORY IN CHARACTER.

A summary proceeding is a possessory action in character and the question of title is not involved.

8. SAME—TENANCY IN COMMON—JOINDER OF PARTIES.

Since one tenant in common has a right to occupy land in his own right and not under his cotenant, either may maintain summary proceedings to recover possession against a stranger to the title without a joinder of his cotenant as a party plaintiff (3 Comp. Laws 1929, §§ 13963, 14975, 15101).

9. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SUFFICIENCY OF NOTICE TO TERMINATE TENANCY.

Where question as to validity and sufficiency of service of notice to terminate tenancy was not raised in defendant's statement of reasons and grounds for appeal, it is not considered, especially where record does not support his position in such regard.

Appeal from Wayne; Webster (Clyde I.), J. Submitted August 29, 1946. (Docket No. 69, Calendar No. 43,376.) Decided October 7, 1946.

Summary proceedings before a circuit court commissioner by Philip W. DesRoches against John McCrary for possession of land. Case appealed to circuit court. Judgment for plaintiff. Defendant appeals. Affirmed.

*Bishop & Babler,* for plaintiff.

*Etheleen M. Stevens* and *Schulman & Schulman*
(*Meyer Weisenfeld,* of counsel), for defendant.

Dethmers, J.   This is review of judgment for
plaintiff for recovery of possession of premises in
summary proceedings, begun before a circuit court
commissioner, appealed to the circuit court and
tried before the court without a jury.

Plaintiff, Philip W. DesRoches, and his brother,
Donald W. DesRoches, who has not joined in these
proceedings, are owners of the premises in question,
as tenants in common, by inheritance from their
father under whom defendant came into possession
as a tenant at will.   Defendant continued in such
possession for several years after plaintiff and his
brother became the owners, occupying it with his
wife, son, sister and the latter's daughter.   On
July 9, 1945, the defendant moved his family and
household furnishings, except one bedroom suite,
to a home recently purchased by him, at the same
time advising plaintiff's caretaker that his sister
and her daughter were going to stay in the premises.
The sister continued occupancy and had the tele-
phone, gas and electricity billings changed from de-
fendant's name to hers.   Defendant testified that
since moving to his new home, for reasons of con-
venience to his professional work, he has stayed
overnight at the premises in question with his sister
about twice a week.

On July 28, 1945, plaintiff caused to be served a
notice to terminate tenancy for the reason therein
stated, that defendant had moved out of the premises
and sublet the same to other persons.

Defendant contends that, although he has moved
his family and furnishings to another home, the
premises in question still constitute his own dwelling
within the meaning of section 6(a) of the office of

price administration rent regulations, 8 Fed. Reg. 7322, 7326, which provides:

"So long as the tenant continues to pay the rent * * * no tenant shall be removed * * * unless * * *

"(4) * * * The tenant's lease or other rental agreement has expired or otherwise terminated, and at the time of termination the occupants of the housing accommodations are subtenants or other persons who occupied under a rental agreement with the tenant, and no part of the accommodation is used by the tenant as his own dwelling."

and that, therefore, eviction may not be had.

The trial judge held that the premises are not the defendant's own dwelling. In *Schadt* v. *Brill,* 173 Mich. 647, 654 (45 L. R. A. [N. S.] 726), this court defined a dwelling house as "the house in which a man lives with his family; the apartment or building, or group of buildings, occupied by a family as a place of residence." The term "dwelling" has been defined as a habitation for man usually occupied by a person lodging in it at night. *State* v. *Warren,* 33 Me. 30, 31. Were the premises in question the defendant's "own dwelling" as that term is employed in the above rent control regulations? It seems clear that the defendant's own dwelling is the home purchased by him and into which he moved his family and furniture. Without deciding whether a man can have more than one dwelling, it is manifestly not the intent and purpose of the rent control regulations to protect a tenant in the possession of more than one dwelling. It must be held that such use as the defendant made of the premises in question did not constitute the same his own dwelling within the protective provisions and meaning of the above O.P.A. rent regulations.

The second question presented is whether summary proceedings to recover the possession of land may be brought by one of two tenants in common without the joinder of his cotenant as a party plaintiff.

The statute under which this action is brought provides in part that:

"The person or persons entitled to the possession of the premises, his or their agent or attorney, may make complaint in writing." 3 Comp. Laws 1929, § 14976 (Stat. Ann. § 27.1987).

The action involves the right to possession alone and the question of title is not included. Is plaintiff, as one of two tenants in common, entitled to possession as against everyone but his cotenant?

We quote from the syllabus in *Everts* v. *Beach*, 31 Mich. 136 (18 Am. Rep. 169), as follows:

"A tenant in common of lands cannot recover of his cotenant for the use and occupation by the latter of the lands claimed in common, in the absence of any express promise; the right of each to occupy is one of the legal incidents of such tenancy, and it pervades the whole land; and one is not excluded by the failure of the other to occupy, but whatever he occupies in such case, is in his own right, and not under his cotenant."

In the case of *Heilbron* v. *Railway Co.*, 52 Tex. Civ. App. 575 (113 S. W. 610), it was held that no one can complain of the exclusive use of the joint property by one tenant in common, except his cotenant. The plaintiff, as one of two tenants in common, is a person entitled to possession as against everyone but his cotenant.

In an ejectment proceeding the supreme court for the State of Connecticut in the case of *Hillhouse*

v. *Mix*, 1 Root (Conn.), 246 (1 Am. Dec. 41), said:

"Former decisions are, according to the British law, that tenants in common might not join; but the law has since been settled in this State that they may join."

In the case of *Davis* v. *Coblens*, 174 U. S. 719, 725 (19 Sup. Ct. 832, 43 L. Ed. 1147), the United States supreme court quotes with approval the following:

"The original rule at common law was, that tenants in common could only sue separately because they were separately seized, and there was no privity of estate between them. *Mobley* v. *Brunner*, 59 Pa. 481; *Corbin* v. *Cannon*, 31 Miss. 570, 572; *May* v. *Slade*, 24 Tex. 205, 207; 4 Kent's Commentaries, p. 368.

"The practice soon became general, however, in the United States to permit them to sue either jointly or severally as they might elect. 7 Enc. Pl. & Pr. 316, and cases cited."

In the case of *Moore* v. *Ramsey*, 272 Ky. 582 (114 S. W. [2d] 1101), presenting a set of facts very similar to those before us, the court upheld the right of one of the tenants in common to maintain an action of forcible entry and detainer.

However, the defendant calls attention to the provisions of 3 Comp. Laws 1929, §§ 13963, 15101 (Stat. Ann. §§ 27.592, 27.2118), which provide in part:

"Where several persons shall be * * * entitled to real estate as tenants in common, or as joint tenants, they may bring a joint action for the recovery thereof, or they may bring several actions for their respective shares or interests."

Under a similar California statute (Stats. 1857, p. 62) which provided as follows:

"All persons holding as tenants, joint tenants, or coparceners, or any number less than all, may jointly

or severally bring or defend any civil action for the enforcement or protection of the rights of such party.''

in an action of forcible entry and detainer, the California supreme court held properly refused a request to charge that ''one tenant in common cannot maintain the action alone; all tenants in common must join in the action.'' *Bowers* v. *Cherokee Bob,* 45 Cal. 495, 509.

It may be urged that permitting one tenant in common to maintain the proceedings would give rise to practical difficulty when the other tenant in common desires the occupant to remain in possession. The opposite horn of the dilemma is no less severe, were we to hold that a tenant in common may retain a stranger to the title in possession against the wishes of his cotenant by the simple device of refusing to join in the proceedings as a party plaintiff.

The action is possessory and the question of title is not involved. The right of one tenant in common to occupy, in his own right and not under his cotenant, being a legal incident to such tenancy which pervades the whole land *(Everts* v. *Beach, supra),* it must be held that plaintiff has such right to possession as meets the requirements of the statute for bringing these proceedings.* He can maintain summary proceedings to recover possession of the premises against a stranger to the title without a joinder of his cotenant as a party plaintiff.

Question is raised in defendant's brief as to the validity and sufficiency of service of the notice to terminate tenancy. The entire record, including defendant's own testimony, fails to support his position in this regard. The question was not raised in defendant's statement of reasons and

---

* See 3 Comp. Laws 1929, § 14975 (Stat. Ann. § 27.1986).— Reporter.

grounds for appeal and should not be considered here. *Patterson* v. *Jacobs,* 289 Mich. 351, 357.

Judgment affirmed, with costs to appellee.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.