COMMONWEALTH *vs.* JACOB W. BARNEY.

Burning a house never occupied by the alleged owner as a dwelling-house is not arson within the meaning of Rev. Sts. *c.* 126, § 1.

THE defendant was indicted, under Rev. Sts. *c.* 126, § 1, for feloniously burning, in the night time, the dwelling-house of one George H. Wheaton, in Seekonk; no person being, at the time, lawfully in the said dwelling-house.

At the trial in the court of common pleas, before *Wells*, C. J. it appeared that the building had been formerly occupied as a dwelling-house by Ephraim Wheaton, and afterwards by his widow, but had not been occupied for many months by any tenant; that said George H. Wheaton, the alleged owner, never occupied the building as a residence, and had been, for more than a year, in California.

The defendant contended that this building was not a dwelling-house within the meaning of the statute. But the presiding judge ruled otherwise, and so instructed the jury. A verdict being found against the defendant, he alleged exceptions to the ruling.

*T. G. Coffin*, for the defendant.

*Clifford*, (attorney-general,) for the commonwealth.

DEWEY, J. If to constitute arson it is necessary that the building burned be a dwelling-house in the same sense, as in a charge of burglary, then clearly this building was not the dwelling-house of George H. Wheaton. To constitute such dwelling-house, it must be a place of the residence of the party named. 1 Leach, 185; Foster, 77; 4 Black. Com. 424.

The house may, for the time being, be in fact without inmates, and the occupiers temporarily absent, but there must be the purpose of return. But it cannot be the dwelling-house of an individual before he has begun to occupy it. 2 Leach, 271; 2 East, P. C. 498.

The facts stated in the bill of exceptions show that this was an unoccupied building, in the broadest use of that term, and that it had at no previous time been occupied by George H. Wheaton.

The only question that can be raised here is, whether there be any distinction between arson and burglary in the character of the building. The definition of arson, as given in 3 Inst. 66, and 1 Hale, P. C. 566, is, the wilful and malicious burning " the house " of another; whereas the definition of burglary, as given by the same authorities, is the breaking and entering " the mansion-house " of another. So, also, it is said that in an indictment for arson, there is no occasion to describe the building as " a dwelling-house " as in burglary, but the term " house" will suffice. 1 Hale, P. C. 567. But these offences are now in England statute offences.

Whatever may have been the common law on the subject, yet in this commonwealth, where these crimes are statute offences, they both clearly are of the same character in this respect, and both require the offence to be committed upon a dwelling-house. It was so by the *St.* of 1784, *c.* 58, and again by *St.* 1804, *c.* 131, and is required by the Rev. Sts. *c.* 126, § 1. In all these statutes, the crime punishable as the aggravated offence is the malicious and wilful burning of " a dwelling-house." This crime has formerly been punished capitally, and the severity of the punishment, as well as the language of the statute, fully sustain us in the view we have taken of the nature of the offence, and that to

convict of the aggravated species of arson punishable under Rev. Sts. *c.* 126, § 1, the dwelling-house burnt must be an occupied house; a dwelling-house in which some one lives, using the term in a liberal sense, and treating the cases of mere temporary absence as substantially a continued occupation. *Exceptions sustained; new trial ordered.*