### JOHN SCOTT *v.* THE STATE.

BURGLARY.   *Whether house or dwelling.   Case in judgment.   Section* 2738, *Code* 1880.
   A house which the owner visits once or twice a year, and in which, during his visits, he sleeps and eats for about a week, but which at all other times is unoccupied by any person, is not a "dwelling-house," the "breaking and entering" of which, when no one is therein, "with intent to commit a crime" is "burglary" under § 2738 of the Code of 1880.

APPEAL from the Circuit Court of Washington County.
HON. B. F. TRIMBLE, Judge.

Appellant was convicted of an attempt to commit burglary by breaking and attempting to enter a dwelling-house.   The record shows that no one resided or slept in the house at the time of the commission of the alleged offense, and that there was nothing in the house except " some old clothes and bedding."   The owner of the building visited the place once or twice a year, and remained sometimes a week and sometimes less, and while there he slept and ate in the house, but his cooking was done elsewhere, and his meals were brought to him from another place.   When the owner was absent another person looked after the premises but did not occupy the house.   The question presented for adjudication is

whether the allegation in the indictment as to the character of the house is supported by the proof.

*W. H. Smith*, for the appellant.

1. The law presumes that men intend only the consequences of their acts; and since the defendant did nothing but trespass upon the premises, as the facts show, in the absence of other evidence he could not have been found guilty of the crime charged.

2. The burden of proof lay upon the State to prove the intent as alleged, which was in no way sustained either by facts or presumptions. 3 Greenleaf, Part IV, § 17.

*T. S. Ford*, Attorney General, for the State.

The point upon which the case turns is whether the proof was sufficient to show that the house broken into was a dwelling-house. Being in doubt as to this question myself, it is respectfully submitted to the court for determination.

ARNOLD, J., delivered the opinion of the court.

The building as described by the testimony was not a dwelling-house in legal contemplation. To render a building a dwelling-house it must be a habitation for man, and usually occupied by some person lodging in it at night. A building which is in fact a dwelling-house does not lose its character as such by a mere temporary absence of its inhabitants who have left with intent to return, but it does not become a dwelling-house, though used for taking meals and other purposes, unless the person occupying it or some one of his family or servants usually sleep in it at night. Bish. Stat. Crimes, § 279; *Ex parte Vincent*, 26 Ala. 145; *State* v. *Warren*, 33 Maine 30.

*Reversed.*