## CALLAHAN *v.* UNITED STATES.

No. 576.  Argued March 14, 1932.—Decided April 11, 1932.

*Mr. Louis Halle,* with whom *Mr. Milton R. Kroopf* was on the brief, for petitioner.

*Assistant Attorney General Youngquist,* with whom *Solicitor General Thacher* and *Mr. John J. Byrne* were on the brief, for the United States.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The petitioner was indicted under § 593 (b) of the Tariff Act of 1922,[1] for aiding and abetting the importation of intoxicating liquors contrary to law, the specified illegality being violation of Title II, § 3, of the National Prohibition Act.[2] In support of a demurrer he asserted

---

[1] U. S. C., Tit. 19, § 497. "If any person fraudulently or knowingly imports or brings into the United States, or assists in so doing, any merchandise, contrary to law . . . the offender shall be fined in any sum not exceeding $5,000 nor less than $50, or be imprisoned for any time not exceeding two years, or both. . . .".

[2] U. S. C., Tit. 27, § 12. "No person shall . . . import . . . any intoxicating liquor except as authorized in this chapter. . . . Liquor

the indictment set forth an offense under the prohibition act and failed to charge one under the cited section of the tariff act; and was duplicitous as including offenses under both statutes. The demurrer was overruled, trial and conviction followed, and petitioner was sentenced under § 593 (b). The circuit court of appeals affirmed the judgment, and this court granted certiorari.

We are asked to hold that one who violates the prohibition act by importing liquor, may not be indicted, tried and sentenced under the tariff act, which makes the importation of " any merchandise[3] contrary to law " a criminal offense. The phrase " contrary to law " as used in the later act is unqualified and taken in its natural meaning signifies " contrary to any law," and hence contrary to the earlier prohibition act, so that a violation of that act would be an offense within the other.

The petitioner urges that the National Prohibition Act deals specifically with intoxicating liquor, prohibits its importation and provides a penalty therefor; whereas the tariff act is concerned with a wholly separate subject and the penal section 593 (b) aimed at unlawful importation should not be construed as repealing the earlier special statute. (*Ex parte Crow Dog,* 109 U. S. 556, 570; *Rodgers* v. *United States,* 185 U. S. 83, 87–89; *Washington* v. *Miller,* 235 U. S. 422, 428.) This argument overlooks the fact that the National Prohibition Act prescribes no special penalty for importation in violation of its provisions. Section 29 of Title II, an omnibus section fixing penalties for violations for which no special penalty is

for nonbeverage purposes . . . may be . . . imported . . . but only as herein provided, and the commissioner may, upon application, issue permits therefor. . . ."

[3] Section 401 of the Tariff Act (U. S. C., Tit. 19, § 231) provides: " The word ' merchandise ' means goods, wares, and chattels of every description and includes merchandise the importation of which is prohibited."

518

prescribed, is the only one under which punishment could be imposed for illegal importation.[4] The language used is sufficiently broad to include specific penalties fixed in other sections of the statute and also such as might be imposed by separate legislation. The tariff act, a later statute, fixes a definite penalty for one of the violations grouped in the penal section of the earlier act. In this respect it superseded the general provisions of the prior statute embracing the same subject. *Cook County National Bank* v. *United States,* 107 U. S. 445; *Walla Walla* v. *Walla Walla Water Co.,* 172 U. S. 1, 22. The indictment charged an offense under the Tariff Act and the judgment must be affirmed.[5]

*Affirmed.*

[4] U. S. C., Tit. 27, § 46. "Any person . . . who . . . violates any of the provisions of this chapter, for which offense a special penalty is not prescribed, shall be fined for a first offense not more than $500. . . ."

[5] See *Kurczak* v. *United States,* 14 F. (2d) 109; *Dickerson* v. *United States,* 20 F. (2d) 901; *Gorsuch* v. *United States,* 34 F. (2d) 279.