UNITED STATES *v.* COMMERCIAL CREDIT CO., INC.

No. 734.   Argued April 15, 1932.—Decided May 2, 1932.

64

*Assistant Attorney General Youngquist*, with whom *Solicitor General Thacher*, and *Messrs. Arthur W. Henderson, Paul D. Miller*, and *Carroll P. Lynch* were on the brief, for the United States.

*Mr. Duane R. Dills*, with whom *Mr. Berthold Muecke, Jr.*, was on the brief, for respondent.

Mr. Justice Cardozo delivered the opinion of the Court.

Three motor cars were seized by a customs officer of the United States in Texas near the Mexican border on a charge that they were employed in the unlawful importation of intoxicating liquors.

Following the seizure, the Government filed a libel of information against the automobiles so employed under §§ 3061 and 3062 of the Revised Statutes (19 U. S. Code, §§ 482 and 483) and prayed for a decree of forfeiture.

Thereupon, the Commercial Credit Company, Inc., the holder of a chattel mortgage, filed an intervening petition alleging that its lien had been created in good faith; that it was innocent of any participation in the wrongful use of the cars; and that by force of § 26 of the National Prohibition Act it should have an award of the possession. The District Court dismissed the intervening claim and adjudged a forfeiture, holding that §§ 3061 and 3062 of the Revised Statutes were unrepealed by § 26 of the National Prohibition Act and permitted the forfeiture of articles illegally employed in the importation of intoxicating liquors, 46 F. (2d) 171. The Circuit Court of Appeals reversed the decree and dismissed the libels, holding that § 26 of the National Prohibition Act had superseded other remedies, 53 F. (2d) 977. A writ of certiorari has brought the case here.

Our judgment handed down herewith in *General Motors Acceptance Corp.* v. *United States, ante,* p. 49, sustains the position of the Government that vehicles employed in the unlawful importation of intoxicating liquors may be seized under the Tariff Act and the provisions of the Revised Statutes ancillary thereto. All that remains is to determine whether these vehicles were so employed. The cars subjected to forfeiture in No. 574 were the same that had brought the contraband merchandise from beyond

the Mexican border. The cars libeled in this proceeding were laden with the liquors, for all that the evidence shows, on this side of the border line.

The difference is not one that exacts differing relief. The circumstantial evidence justifies a finding that the cars, wherever laden, were implements or links in a continuous process of carriage from Mexico into Texas. This was unlawful importation as well as unlawful transportation. The two courts below are in agreement as to the inferences fairly to be gathered from the facts, and their findings are not to be disturbed unless clearly erroneous. *Washington Securities Co.* v. *United States,* 234 U. S. 76, 78; *Texas & N. O. R. Co.* v. *Brotherhood of Railway Clerks,* 281 U. S. 548, 558.

The decree of the Circuit Court of Appeals should be reversed and that of the District Court affirmed.

*Reversed.*

MR. JUSTICE STONE took no part in the consideration and decision of this case.