UNITED STATES v. WHIPPET COUPE, LICENSE NO. 6—Y—5687, MOTOR NO. 69,269, et al.

No. 46.

Circuit Court of Appeals, Second Circuit.

Nov. 7, 1932.

Plante & Abrahams, of New York City, for claimants-appellants.

George Z. Medalie, U. S. Atty., of New York City (Bronson Goddard, of New York City, of counsel), for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

On the above facts, the court directed a verdict for the government, and issued its decree of forfeiture of the automobile on a libel brought under section 3450, R. S. (26 USCA §§ 1181, 1182). The claimants have appealed, and now insist that no forfeiture was lawful except under section 26 of title 2 of the National Prohibition Act (27 USCA § 40), which preserves the rights of innocent mortgagees.

In General Acceptance Corp. v. United States, 286 U. S. 49, 52 S. Ct. 468, 76 L. Ed. 971, it was held that, where the customs laws are violated in importing goods into the country and unlawful transportation within the country takes place as an incident of their unlawful importation, the government may elect whether to proceed to forfeit under the custom laws or under the prohibition laws. The difference in the nature of the act required to import into and to transport within, even though such importation and transportation are but parts of one continuous movement, was emphasized. The case of Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081, was distinguished but not overruled. In the latter case it was held that, when the driver of an automobile was arrested for unlawful transportation of intoxicating liquor at the time an automobile used to transport the liquor was seized under section 26 of title 2 of the National Prohibition Act, that section provides the exclusive method for forfeiture of the car. This decision is to the effect that the law bears directly upon the facts and requires forfeiture under section 26 where the arrest and seizure have been under that section. Sometimes it is said that the law makes the election and perhaps that is a good way to put it, if one likes to believe that, where the same act is a violation of two separate and distinct statutes, both of which contain provisions for forfeiture, the government ought to be permitted to choose the law under which it will forfeit. But, as a practical matter, what the law really does is to require forfeiture under section 26 when the arrest and seizure have been made under that section and to preclude after such arrest and seizure any election at all regarding forfeiture. The right of election as to forfeiture which is recognized in G. M. Acceptance Corp. v. United States, supra, between the

customs laws and the prohibition laws, and that permitted under the decision in United States v. The Ruth Mildred, 286 U. S. 67, 52 S. Ct. 473; 76 L. Ed. 981, between the navigation laws and the prohibition laws seems, in view of the Richbourg Case, supra, if it exists at all, to be one at least remote when the choice is to be between the forfeiture provisions of the prohibition laws and those of the revenue laws. It is nonexistent after the provisions of section 26 of title 2 of the National Prohibition Act have been invoked to supply the legal basis for an arrest and seizure. For once the arrest and seizure have been made under section 26, the forfeiture must proceed in accordance with that section to the exclusion of the provisions for forfeiture contained in section 3450, R. S. Richbourg Motor Co. v. United States, supra. United States v. Commercial Credit Co., 286 U..S. 63, 52 S. Ct. 467, 76 L. Ed. 978, leaves the Richbourg Case the same as did General Motors Acceptance Corp. v. United States, supra.

Accordingly, it was error to direct a verdict for the government and to decree forfeiture of the car on this libel brought under the revenue laws. This is not so because any effect has been given to what is said to be the circumstantial evidence of actual transportation, but because the car was seized and the driver arrested under section 26 of title 2 of the National Prohibition Act.

Decree reversed.