214

## GENERAL MOTORS ACCEPTANCE COR-PORATION v. UNITED STATES.

### No. 6484.

Circuit Court of Appeals, Fifth Circuit.

Dec. 22, 1932.

Ben R. Howell, of El Paso, Tex., for appellant.

John D. Hartman, U. S. Atty., of San Antonio, Tex., and H. L. McCune, and L. V. Dodson, Asst. U. S. Attys., both of El Paso, Tex.

Before BRYAN, SIBLEY, and HUTCH-ESON, Circuit Judges.

SIBLEY, Circuit Judge.

This case writes another chapter in the law touching vehicles under bona fide lien forfeited for carriage of intoxicating liquors. The grounds of forfeiture involved arise under the tariff laws, Rev. St. §§ 3061, 3062, now 19 USCA §§ 482, 483; under the internal revenue laws, Rev. St. § 3450, now 26 US CA § 1181; and under the National Prohibition Act, tit. 2, § 26, 27 USCA § 40. Port Gardner Investment Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412, held that the effectual prosecution of the driver of a liquor laden vehicle under the National Prohibition Act makes it mandatory to proceed to forfeit the vehicle under title 2, § 26, thereby saving the bona fide lien, to the exclusion of a forfeiture under Rev. St. § 3450. In Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081, it was held that seizure of the vehicle and arrest of the driver in the circumstances set forth in title 2, § 26, required forfeiture under it, although eventual prosecution was had under Rev. St. § 3450, and that forfeiture under section 3450 was barred by the literal terms of section 26. But in General Motors Acceptance Corporation v. United States, 286 U. S. 49, 52 S. Ct. 468, 76 L. Ed. 971, and United States v. Commercial Credit Co., 286 U. S. 63, 52 S. Ct. 467, 76 L. Ed. 978, it was held that the language of title 2, § 26, is not to be applied so literally as to include a seizure by customs officers for a violation of the tariff laws and prevent a forfeiture under Rev. St. §§ 3061 and 3062, but that the United States has an election between the two remedies. In neither of the cases last cited was there any prosecution or conviction under the prohibition law. In the present case there was both, and that circumstance is relied on as a distinction. In this case the automobile took up intoxicating liquors just imported contrary to the customs laws at a place on the border, and proceeded with them through Texas until seized by pursuing customs officers. They arrested one Miller, who was in possession and control of the vehicle, and who admitted owning the liquors and having smuggled them in, and also arrested one Duckett, who was with him. The automobile was delivered to the collector of customs, who held the same under claim of forfeiture. Duckett was afterwards tried,

convicted, and punished for violating the prohibition law, and Miller for violating both it and the tariff laws. A libel in rem was filed against the vehicle asserting forfeiture in two counts, one resting on Rev. St. §§ 3061 and 3062 (19 USCA §§ 482, 483), and the other on Rev. St. § 3450 (26 USCA § 1181). General Motors Acceptance Corporation intervened, and is admitted to be the bona fide holder of a valid lien against the vehicle for $256 of its purchase money, with no knowledge that the vehicle was to be used in violation of law. Miller had possession of the car from the transferree of the purchaser to use it as a taxicab. Judgment of forfeiture was granted for violation of the tariff law only, and the intervening lien was, of course, defeated.

■■■ The prosecution and punishment of Duckett we lay aside as unimportant. Miller was the person in possession of the vehicle, and the owner and importer of the liquors. Duckett may have had no connection with the transgression until possession and transportation in Texas commenced. The vehicle takes its guilt from the conduct of Miller, who was in control of it. Through his acts it was forfeited under the express words of Rev. St. §§ 3061 and 3062 by having smuggled goods concealed in it, and by like words in Rev. St. § 3450, since the goods also had an unpaid internal revenue tax due on them, and there was intent to defraud the United States of the tax. But, because the driver was caught in the act of transportation within the terms of section 26, forfeiture under Rev. St. § 3450, is barred. Richbourg Co. v. United States, supra. We think the effect of the decision in General Motors Acceptance Corporation v. United States is to establish a right of forfeiture under Rev. St. § 3062, unaffected by title 2, § 26 (27 USCA § 40), at the election of the United States. The seizing officers here elected to take that ground and mode of forfeiture, and turned the car over to the collector of customs, who has since held it. It does not appear that he or the seizing officers had any part in directing the prosecution of Miller under the Prohibition Act. Presumably it was done by the district attorney or the grand jury. We need not consider what might have resulted had the prosecution been under the Prohibition Act alone. Since it also established guilt under the tariff acts, there was no abandonment by the government of its position. The right to forfeit the vehicle under Rev. St. § 3062, which had accrued, and had been elected, and was maintained by the collector's possession, was not destroyed by the prosecution and

punishment of Miller for an additional crime which he had committed at about the same time and place. The authority to remit or mitigate a forfeiture under the tariff laws is vested in the Secretary of the Treasury. Tariff Act of 1930, §§ 613, 618 (19 USCA §§ 1613, 1618), and not in the district attorney or grand jury.

Judgment affirmed.