**DEUTSCH v. ADERHOLD, Warden.**

No. 7692.

Circuit Court of Appeals, Fifth Circuit.

Dec. 20, 1935.

Hal Lindsay, of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., Harvey H. Tisinger, Asst. U. S. Atty., and H. T. Nichols, Sp. Atty., Dept. of Justice, all of Atlanta, Ga., for appellee.

Before FOSTER, SIBLEY, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a judgment dismissing a petition for a writ of habeas corpus to release a prisoner from the Atlanta penitentiary. The material facts relied on by appellant are these: He was arrested on December 2, 1933, in the act of transporting intoxicating liquor in an automobile. He was charged before a United States commissioner by the arresting officer with violating section 3, title 2 of the National Prohibition Act (27 U.S. C.A. § 12). After a hearing, he was held by the commissioner, to answer that charge, on December 18, 1933. On January 8, 1934, based on the same transaction, he was indicted for violating section 3296, as amended and section 3450, Rev.Stat. (26 U.S.C.A. §§ 404, 1181 [26 U.S.C.A. §§ 1287, 1441]), by unlawfully removing and concealing 120 pints of liquor, on which the tax had not been paid, with intent to defraud the United States. He was convicted on this indictment and was sentenced to serve three years and pay a fine of $200.

The contention of appellant is that, as he was arrested and charged before a United States commissioner with violating the National Prohibition Act, he could not thereafter be held to answer a charge of violating the Internal Revenue laws and, since the repeal of the Eighteenth Amendment became effective on December 5, 1933, after his arrest but before his indictment, there was no existing statute under which he could be held. Reliance is had mainly upon Richbourg Motor Co. v. U. S., 281 U.S. 528, 50 S.Ct. 385, 74 L. Ed. 1016, 73 A.L.R. 1081.

The Richbourg Case went no further than to hold that when a person discovered in the act of transporting liquor unlawfully had been arrested and the vehicle seized, under section 26 of the National Prohibition Act (27 U.S.C.A. § 40), proceedings to forfeit the vehicle could be taken only under that section and will not lie under Rev.Stat. § 3450 (26 U.S.C.A. §§ 1156, 1441). It may be noted that in that case the individuals were prosecuted and convicted for violation of section 3450. The Supreme Court found it unnecessary to say whether in similar circumstances

678

the prosecution of the individual for the offense must be had under the National Prohibition Act. In the later case of General Motors Acceptance Corp. v. U. S., 286 U.S. 49, 52 S.Ct. 468, 76 L.Ed. 971, 82 A.L.R. 600, it was held that vehicles transporting intoxicating liquor from Mexico into the United States might be seized and condemned under the provisions of the customs laws. It is true that in reviewing the Richbourg Motor Co. Case, the Supreme Court said that the seizure of the automobile and the arraignment of the operator before a United States commissioner, for violation of the National Prohibition Act, was a clear election to go forward under the provisions of that act and not under any other, but this expression is not controlling when applied to the prosecution of an individual. The court was considering section 26 of the National Prohibition Act (27 U.S.C.A. § 40), only so far as it affected the seizure and disposition of vehicles in which intoxicating liquor had been transported. The General Motors Acceptance Case makes it very plain that if the movement of the liquor involved any unlawful element other than mere transportation, the United States was not barred from proceeding with the forfeiture of such vehicle on other grounds. This is made clearer in the case of United States v. Commercial Credit Co., 286 U.S. 63, 52 S.Ct. 467, 76 L.Ed. 978, where a seizure under the customs laws was upheld notwithstanding the liquor after importation had been transported for many miles within the United States in violation of the National Prohibition Act. These cases by analogy support the conclusion that the offender could have been prosecuted under either the customs or the liquor laws. To the same effect, see Callahan v. U. S., 285 U.S. 515, 52 S.Ct. 454, 76 L. Ed. 914.

■ The United States attorney of the district where a violation of a federal statute occurs is charged with the duty of prosecution and vested with complete control over the proceedings, in the exercise of sound discretion. If the facts show a violation of two or more statutes, he may elect under which he will prosecute, in the absence of a prohibitory statute. He is not bound by any action of the arresting officer or a United States commissioner, acting as a committing magistrate under the provisions of Rev.Stat. 1014, as amended (18 U.S.C.A. § 591). He may ignore the proceedings before the United States commissioner entirely. R.S. § 771 (28 U.S.C.A. § 485); Confiscation Cases, 7 Wall. 454, 19 L.Ed. 196; Morse v. U. S., 267 U.S. 80–85, 45 S.Ct. 209, 69 L.Ed. 522.

■■ The provisions of the Revenue Laws making it an offense to remove and conceal spirits upon which the tax is unpaid, with intent to defraud the United States, were unaffected by the repeal of the Eighteenth Amendment. Benton v. U. S. (C. C.A.) 70 F.(2d) 24, certiorari denied 292 U.S. 642, 54 S.Ct. 778, 78 L.Ed. 1494. Conceding, purely for the sake of argument and without so deciding, that under the provisions of the National Prohibition Act, in the circumstances here shown, it was mandatory that the prosecution be under that act, that act was not in effect when the indictment was returned and the authority of the United States attorney to proceed under the Internal Revenue laws was untrammeled.

Affirmed.