**E. N. MURRAY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 14371.**

United States Court of Appeals Ninth Circuit.

Nov. 23, 1954.

Paul Magasin, Beverly Hills, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Louis L. Abbott, Harry D. Steward, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS and FEE, Circuit Judges, and GOODMAN, District Judge.

JAMES ALGER FEE, Circuit Judge.

Defendant was indicted with Charlotte Murray for conspiracy with certain four unindicted co-conspirators in that the defendants conspired, in violation of § 545 of Title 18 U.S.C.A., (1) to smuggle and clandestinely introduce into the United States merchandise, to-wit, various kinds of psittacine birds, (2) fraudulently to import and bring into the United States such birds, and (3) to receive, conceal and facilitate transportation and concealment after importation of certain merchandise, to-wit, psittacine birds imported from Mexico into the United States contrary to law. There were nine overt acts alleged to effect the objective of said conspiracy, of which the seventh read, "That on or about the 5th day of January, 1953, the defendant E. N. Murray filed a false affidavit with the Clerk of the United States District Court in and for the Southern District of California, Southern Division".

Count 4 of this indictment charged E. N. Murray with the substantive crime of perjury in that he swore, knowing it was false, that certain birds in the possession of one Richard Ray at the time of the arrest of the latter on November 15, 1952, were legally in his possession and had either been raised by Murray or purchased by him from other bird dealers in California.

On September 26, 1953, defendant, represented by attorney, appeared before Judge Weinberger and entered pleas of guilty to Counts 1 and 4 of the indictment. Counts 2, 3 and 5 of the indictment were dismissed. On October 12, 1953, defendant was sentenced for a period of 18 months on Count 1 and to a period of 18 months on Count 4, said sentences to run consecutively.

Thereafter, defendant filed two motions for correction of sentence under the provisions of 28 U.S.C.A. § 2255, both of which were denied by the trial court. Notice of appeal was filed from each of the orders denying these motions, and, by stipulation, the records were consolidated upon appeal.

The points raised are (1) there cannot be assessment of more than one punishment on two different counts arising out of the same transaction, and (2) the punishment assessed for conviction of conspiracy involving smuggling, 18 U.S.C.A. § 545, should have been predicated upon the statute prescribing penalties for violation of quarantine laws. 18 U.S.C.A. § 371 provides that, where the object of the conspiracy is a misdemeanor, "the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor." The punishment provided by 42 U.S.C.A. § 271 is not more than one year in prison or $1000.00 fine or both. Therefore, it is said the sentence imposed on the conspiracy count was excessive.

An indictment charging a conspiracy to commit a statutory crime and a substantive count charging the commission of the crime by the same person can stand together and be given different penalties to run consecutively.[1] It is recognized that a charge of conspiracy and a charge of substantive crime require different quanta of proof and proof of additional circumstances as to each of the counts, which satisfies the requirement that there be not cumulative penalties for the same crime. Even this principle is not applicable here, since it is not charged that there was a conspiracy to commit perjury. The overt act

1. Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489; United States v. Wexler, 2 Cir., 79 F.2d 526. See also Kobey v. United States, 9 Cir., 208 F.2d 583; Clevenger v. United States, 6 Cir., 197 F.2d 521, affirming D.C., 105 F.Supp. 333; United States v. De Normand, 2 Cir., 149 F.2d 622.

specified in the conspiracy count did not set up the elements of perjury, but simply recited that the defendant filed a false affidavit with a government officer, which might be a different crime. There was no double penalty assessed upon this ground.

 The charge of the indictment related to the specific crime set up in 18 U.S.C.A. § 545, which pertains in general to importation, transportation and concealment of merchandise imported from foreign countries, and this presentment by the grand jury involves three different phases and combinations of facts relating to that particular statute. If the defendant did not wish to plead to the indictment in that form, he should have raised the question at the time.[2] The third phase of that indictment standing alone would be sufficient to uphold the sentence, namely, that defendant conspired to receive, conceal and facilitate the transportation and concealment of such birds in the United States, knowing them to have been imported or brought therein contrary to law.

Besides, the regulation of the Surgeon General, 42 C.F.R. § 71.152(b), with certain marked exceptions as to permit for health purposes, provides, "Psittacine birds shall not be brought into the United States for the purpose of sale or trade." The imposition of a quarantine has no relation to the importation of goods contrary to any law. It is doubted that a mere police rule so motivated could dominate the field to the exclusion of express criminal statutes. In any event, no penalty is provided for importation specifically, and the authority is in an omnibus section of a general act which fixes penalties for violation of such regulations in general terms. If the enactment of the statute, 42 U.S.C.A. § 271, which was passed in 1944, had been later, it would not in any event have repealed the provisions of the statute directed against smuggling, which was passed in its present form in 1948 and fixes a definite penalty for such acts. The latter supersedes all prior statutes and overrules regulations no matter when adopted. Callahan v. United States, 285 U.S. 515, 52 S.Ct. 454, 76 L.Ed. 914.

Judgment of the District Court on each of the orders appealed from is affirmed.

---

2. "* * * a plea of guilty to an indictment admits all facts well pleaded, waives any defect in form, and is a confession of guilt." Kahl v. United States, 10 Cir., 204 F.2d 864, 866. "* * * waived all defenses other than that the indictment charged no offense." Weatherby v. United States, 10 Cir., 150 F.2d 465, 466.