**George Ralph JAMES, Jr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14814.**

United States Court of Appeals
Ninth Circuit.

Nov. 26, 1956.

Bertram Edises, Oakland, Cal., for appellant.

George M. Yeager, U. S. Atty., Fairbanks, Alaska, for appellee.

Before HEALY, LEMMON, and FEE, Circuit Judges.

HEALY, Circuit Judge.

Appellant was convicted on a charge of feloniously breaking and entering a dwelling house in the night time with intent to commit larceny therein, and was sentenced to imprisonment for a term of 18 months. He seeks reversal on the ground that the structure he was charged with entering was not shown to be a "dwelling house" within the meaning of the Alaska law.

The offense of burglary is dealt with in Article 3 of Chapter 5 of the Alaska Criminal Code. The Article contains five sections, numbered § 65–5–31 to § 65–5–35, inclusive. The section under which the indictment here was laid is § 65–5–31, denominated "Burglary in dwelling house." This section we set out in full on the margin.[1]

The term "dwelling house" is defined in § 65–5–35 of the Article as follows: " 'Dwelling house' defined. That any building is deemed a 'dwelling house' within the meaning of the sections of this act defining the crime of burglary *any part of which has usually been occupied by any person lodging therein*, and any structure joined to or immediately connected with such building." [Emphasis supplied.]

Another section of the Article, denominated § 65–5–32, bears the title "Burglary not in dwelling house." It reads in pertinent part: "That if any person shall break and enter any building within the curtilage of any dwelling house, but not forming a part thereof, or shall break

and enter any building or part thereof, * * * or other structure or erection in which any property is kept, with intent to steal therein or to commit any felony therein, such person shall be deemed guilty of burglary, and upon *conviction* thereof shall be punished by imprisonment in the penitentiary not less than two nor more than five years."

From the testimony introduced the jury were entitled to conclude that appellant, without permission of the owner, forcibly entered an unoccupied house in Fairbanks, Alaska on the night of December 21, 1954, and carried several parkas from a back room to an open storm porch adjoining the house with intent to appropriate the parkas to himself. He was apprehended on the storm porch by the owner of the house and a friend who, having noticed a light flashing therein, had notified the owner.

The evidence shows without contradiction that the house had been vacant for more than a year prior to the entry. The owner, who lived not far from the place, had acquired the structure in 1952, but apparently had never lived in it himself. The parkas above mentioned were his property. Asked whether he had rented the house or whether anybody was staying in it, he answered, "No." Asked when it had last been lived in, he replied: "Oh it has been about 15 months ago now since anyone lived in it, better than a year anyway." There was no showing whatever that the former occupant, on quitting the premises, had entertained any intention of returning. The contrary, indeed, is conceded by the government to be the case.

Appellant's position is that on this state of the proof he was not shown

---

1. "65–5–31. Burglary in dwelling house. If any person shall break and enter any dwelling house with intent to commit a crime therein, or, having entered with such intent, shall break any such dwelling house or be armed with a dangerous weapon therein, or assault any person lawfully therein, such person shall be deemed guilty of burglary, and upon conviction thereof shall be punished by

imprisonment in the penitentiary not less than one nor more than ten years; provided, however, if said burglary be committed at night time the maximum penalty shall be fifteen years and provided further that if a human being be within the dwelling at the time of said burglary, either night time or day time the maximum penalty shall be twenty years."

to have committed the crime with which he was charged, namely burglary in a dwelling house as the latter term is defined in the territorial statute, § 65–5–35, supra. We see no escaping this contention. The statutory phrase, "any part of which has usually been occupied by any person lodging therein," in substance derives from the common law. Scott v. State, 62 Miss. 781, 782. For the house in question to have been "usually occupied by any person lodging therein," there must have been the equivalent of a current occupancy or the last occupant must have left *animo revertendi*. Carrier v. State, 227 Ind. 726, 89 N.E.2d 74, 76; Haynes v. State, 180 Miss. 291, 177 So. 360; Smith v. State, 80 Fla. 315, 85 So. 911; Commonwealth v. Barney, 10 Cush. 478, 64 Mass. 478, 479. As seen above, it is conceded by the prosecution that neither of the named conditions obtained here.

 On oral argument it was suggested from the bench that perhaps the conviction might properly be affirmed on the strength of § 65–5–32, supra, "Burglary not in dwelling house," by treating it as an included offense, pursuant to Rule 31(c) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.[2] This court has held that " 'to be necessarily included in the greater offense the lesser must be such that it is impossible to commit the greater without first having committed the lesser.' " Giles v. United States, 9 Cir., 144 F.2d 860, at page 861.

In the matter before us the dwelling-house burglary statute specifies a minimum punishment of one year, whereas the non-dwelling house burglary statute specifies a minimum of two years. Appellant was in fact sentenced to eighteen months imprisonment. We are not disposed to hold that the included offense rule is meant to apply where the claimed "lesser" or included offense prescribes a greater minimum punishment than the so-called "greater" or including offense. To so hold in the circumstances of this case would not only amount to a contradiction in terms but would compel the imposition of a sentence substantially greater than that thought appropriate on the trial of the case.

A further point should be stressed. The indictment did not charge appellant with entering a non-dwelling house "in which any property is kept," that being an additional element required by § 65–5–32. Accordingly the accused was not put on notice that he was charged under that statute, and his conviction thereunder can not be sustained.

Judgment reversed.

2. "Rule 31. Verdict

\*     \*     \*     \*     \*

"(c) Conviction of Less Offense. The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."