UNITED STATES of America

v.

ONE 1953 MODEL MERCURY SEDAN AUTOMOBILE MOTOR NUMBER 53SL19340M, Universal C.I.T. Credit Corporation, Claimant.

Civ. A. No. 1587.

United States District Court
S. D. Alabama, N. D.
March 29, 1957.

Ralph Kennamer, U. S. Atty., Mobile, Ala., for libelant.

McLean Pitts, of Pitts & Pitts, Selma, Ala., for claimant.

**658**

THOMAS, District Judge.

■ 1. Wiley Nelson was owner of the automobile which the United States seeks to have forfeited for having been used in violation of the Internal Revenue Laws as they relate to liquor. Nelson purchased the automobile from Seale Lincoln-Mercury Company, Inc., of Selma, Alabama, July 30, 1955, under a conditional sales contract. The contract was purchased by the Universal C.I.T. Credit Corporation, claimant herein, in good faith and for valuable consideration. By virtue of the contract, claimant acquired an interest in the said automobile in good faith, without knowledge or reason to believe that the vehicle would be used in violation of the laws of the United States or any state as such laws relate to liquor.

■ 2. Claimant had had prior dealings with Wiley Nelson, and from such transactions had sufficient reason to believe he was a good credit risk. In answer to a credit investigation, made by claimant, January 13, 1953, concerning Wiley Nelson, as to whether or not there was any suspicion of illegal practice, past or present, by him, the reply was "No record." At the time of the purchase of the automobile libeled herein, claimant made a further credit investigation of Wiley Nelson. Upon the basis of prior dealings, and past and new credit investigation, claimant determined to its satisfaction that Wiley Nelson was still an acceptable credit risk; whereupon, it purchased the contract referred to herein.

3. At the time of its purchase of the contract, claimant made no inquiry of any of the enumerated law enforcement officers, as provided in Section 3617, Title 18, United States Code. If inquiry had been made of the police department of Selma, Alabama, such inquiry would have revealed that Wiley Nelson had no record or reputation for violation of liquor laws with the police department. If inquiry had been made of the sher-iff's office or A.T.U. office at Selma, such inquiry would have revealed that Wiley Nelson had no record for liquor violations, but that he did have a reputation of being a violator of such laws with both of these offices.

4. Officers of the A.T.U. and sheriff's office in Selma, Alabama, on October 14, 1955, conducted a raid on an illicit still, near Beloit, Dallas County, Alabama. The still was some fourteen miles from Selma. From information obtained during the raid, Wiley Nelson was later arrested for violation of state liquor laws.

5. The day after the raid on the still, the automobile libeled herein was seized by officers of the A.T.U. for violation of the Internal Revenue Laws as they pertain to liquor. At the time of the seizure, on the afternoon of October 15, 1955, the automobile was parked on the street in front of Wiley Nelson's home in Selma. The officer making the seizure had no warrant or writ authorizing seizure of the automobile. At the time of the seizure, there was no evidence that the automobile contained any contraband, or that it was being used for any illegal purpose, or that it was in danger of being removed from within the reach of the authorities.

■ 6. From testimony of witnesses and a statement made by Wiley Nelson, entered in evidence, the court finds as a fact that the automobile sought to be condemned herein was used prior to October 15, 1955, for the transport, concealment and deposit of illegal liquor, and material for manufacturing the same.

### Conclusions of Law

1. The court has jurisdiction of the parties to and the subject matter of this suit.

■ 2. Innocent lienholder claiming automobile sought to be forfeited for violation of Internal Revenue Laws relating to liquor, cannot assert invalidity, if any, of search and seizure.[1]

1. United States v. One Fargo Truck, D.C., 46 F.2d 171, reversed on other grounds

Commercial Credit Co. v. U. S., 5 Cir., 53 F.2d 977, certiorari granted U. S. v.

3. The automobile in question, having been used in violation of Section 7301 of the 1954 Internal Revenue Code, 26 U.S. C.A. § 7301, should be declared and adjudged forfeited to the United States.

 4. The facts do not justify the remission or mitigation of the forfeiture, claimant having failed to make the statutory inquiry.[2]

Decree in accordance herewith.

Commercial Credit Co., 285 U.S. 534, 52 S.Ct. 408, 76 L.Ed. 928, and reversed United States v. Commercial Credit Co., 286 U.S. 63, 52 S.Ct. 467, 76 L.Ed. 978, affirming district court. See also United States v. One Gardner Roadster, D.C., 35 F.2d 777; and United States v. One Buick Automobile, D.C., 21 F.2d 789.

