Thomas Nicholas OLAR, Jr., and Antoney Geanti, Appellants,

v.

UNITED STATES of America, Appellee.

Nos. 21668, 21668–A.

United States Court of Appeals Ninth Circuit.

March 26, 1968.

Gerald Francis Sullivan (argued), of Miller, Pearson & Sullivan, Phoenix, Ariz., for appellants.

Morton Stiver (argued), Asst. U. S. Atty., Edward E. Davis, U. S. Atty., John L. Augustine, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before MADDEN, Judge, Court of Claims, and DUNIWAY and ELY, Circuit Judges.

DUNIWAY, Circuit Judge:

The information in this case reads as follows:

"On or about the 4th day of May, 1966, within the District of Arizona, THOMAS NICHOLAS OLAR, JR. and ANTONY GEANTI did fraudulently and knowingly import and bring into the United States of America certain merchandise, to-wit: 600 barbiturate capsules, which said merchandise had not been unladen for inspection, as required by 19 U.S.C. 1461, to a Customs

774

Officer at the port of entry, all in violation of 18 U.S.C. 545."

Both defendants were convicted and they appeal.

■ Their principal claim is that it was plain error to read to the jury section 545 of Title 18 U.S.C., which condemns bringing merchandise into the United States, "knowing the same to have been * * * brought into the United States contrary to law," without also reading or instructing as to the provisions of the statute, here 19 U.S.C. § 1461, which is the law alleged to have been violated. It requires that "All merchandise * * * brought in * * * shall be unladen in the presence of and be inspected by a customs officer." No such instruction was requested. Appellants rely on cases holding that it is plain error (Rule 52(b) F.R.Crim.P.) not to instruct the jury on every element of the offense. E. g., Morris v. United States, 9 Cir., 1946, 156 F.2d 525, 527–528. Here, however, we cannot find "plain error."

The undisputed evidence is that appellants drove across the border from Mexico in an automobile in which there were concealed 600 barbiturate capsules, and that they did not declare them or unload them for inspection; they only declared one bottle of liquor and one painting. Their only explanation was that they did not know that the barbiturates were there, and that they did not put them there.

The whole case was tried on the theory that the offense was in bringing in the capsules and not unloading them for inspection. This was the charge, in the information, which was read to the jury before the prosecutor made his opening statement. In that opening statement, the prosecutor began by saying:

"The defendants in this case are charged with importing into the United States certain merchandise, in this case 600 barbiturate pills, which tablets were not unladen for inspection."

At the close of that argument, he said:
"I believe, Ladies and Gentlemen, in considering all these facts, the conclusion to you would be that the defendants did knowingly and fraudulently bring into the United States those 600 barbiturate tablets and did not declare them or unladen them for inspection."

In defense counsel's argument, he said:
"It is not a narcotic case. They are just bringing in merchandise that was not unladened."

Later, he said:
"All I say is in this country everyone is presumed innocent. If that is not the case, every single person that comes across that line, every person that doesn't know about stuff in the car, if it is not unladened, they are guilty."

In his reply argument, the prosecutor said:
"It is true it is not a narcotic case. I never used the term narcotic case. It is true it is not a narcotic case. It is a case that these defendants brought into the country knowingly and fraudulently 600 barbiturate pills and they were not unladened for inspection."

At no time did defense counsel argue or even suggest that the pills were unladen for inspection. There is not a shred of evidence that they were. The entire argument was devoted to knowledge and intent.

In instructing the jury, the court did not read the information; it told the jury that it would be taken by them into the jury room. Thus they had before them, in the information, which had also been read to them at the beginning of a trial lasting one day, the charge that the merchandise "had not been unladen for inspection, as required by 19 U.S.C. § 1461 to a customs officer at the port of entry." Both counsel, in argument, had stated that this was part of the offense. The court said nothing to the contrary. And no one claimed that the merchandise had in fact been unladen for inspection. There is no criticism of

other instructions given on burden of proof, intent, knowledge, etc. We cannot see how there could possibly have been prejudice to appellants.

■■■ Even the important rule that appellants invoke is not one to be applied mechanically. We are enjoined by Rule 52(a) to disregard *"Any* error, defect, irregularity or variance which does not affect substantial rights * * *." Rule 30 provides that "No party may assign as error any portion of the charge *or omission therefrom,* unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." (Emphasis added.) One purpose of Rule 30 is to give the court a chance to correct the error, thus obviating the necessity for a new trial. Here, both sides recognized the necessary element of the offense— failure to unload for inspection. Both told the jury that it was an element. The information stated it as an element. The omission of it from the charge was obviously an inadvertence. Defense counsel evidently either overlooked the omission or regarded it as of no moment; its inclusion in the charge could not have aided his clients; the omission could not have harmed them. On the record in this case, it was not only undisputed but indisputable that the merchandise had not been unladen for inspection.

It has been held that, on a similar record, it was not reversible error to fail to instruct on such an undisputed element of the offense. United States v. Schmidt, 4 Cir., 1967, 376 F.2d 751, 753; United States v. Salliey, 4 Cir., 1966, 360 F.2d 699, 702–703. We have gone further, and affirmed in cases where the court instructed the jury that certain undisputed facts are established, even where they are an essential element of the offense. Lyons v. United States, 9 Cir., 1964, 325 F.2d 370, 374–375; Nordgren v. United States, 9 Cir., 1950, 181 F.2d 718, 721, 12 Alaska 671. All of the foregoing cases are applications of the principles of Rules 30 and 52(a).

Under the rather special circumstances of this case, we decline to apply the plain error rule.

No other point raised merits discussion.

Affirmed.