Juan Nepomuceno **OLAIS-CASTRO**,
Appellant,

v.

**UNITED STATES of America**,
Appellee.

No. 22988.

United States Court of Appeals
Ninth Circuit.

July 25, 1969.

Andrew G. Wagner (argued), Louis M. Wolfsheimer, San Diego, Cal., for appellant.

Joseph A. Milchen (argued), Asst. U. S. Atty., Edwin L. Miller, Jr., U. S. Atty., San Diego, Cal., for appellee.

Before HAMLEY and HUFSTEDLER, Circuit Judges, and HALL, District Judge.*

HAMLEY, Circuit Judge:

Juan Nepomuceno Olais-Castro appeals from his conviction on a charge of importing and bringing two ounces of heroin into the United States from Mexico on or about September 12, 1967, contrary to 21 U.S.C. § 173 (1964), in violation of 21 U.S.C. § 174 (1964). His only point on appeal is that the trial court erred in refusing to give a requested instruction to the effect that, if the jury so found the facts, they could convict the defendant of the lesser-included offense of smuggling merchandise into the United States in violation of 18 U.S.C. § 545 (1964).[1]

The sentence prescribed by section 174 for a first offense is imprisonment for not less than five or more than twenty years and, in addition, a fine of not more than $20,000. On such a conviction, the imposition or execution of the sentence cannot be suspended, probation cannot be granted, and parole is not available. 26 U.S.C. § 7237(d). The sentence prescribed by section 545 is a fine of not more than $10,000, or imprisonment of not more than five years, or both.

The sentence imposed upon defendant was imprisonment for five years. While this is a permissible sentence under either statute, it is the minimum which could be set under section 174. It therefore may be that the trial court would have imposed a lesser sentence if the jury had found defendant guilty of a violation of section 545. In addition, had conviction been obtained under section 545, defendant would have been eligible for probation and parole.

The evidence which defendant relies upon as entitling him to a lesser-included crime instruction consists mainly of his own testimonial explanation of how he got into trouble. According to defendant, he is a young ranch worker from the mountainous regions of Sinaloa, Mexico, and has had seven years of schooling. He intended to enter the United States

---

* The Honorable Peirson M. Hall, United States District Judge for the Central District of California, sitting by designation.

1. The written form of the requested instruction was incomplete as it contained some blank spaces where it was intended that the lesser-included offense would be described. However, it appears that the matter was discussed at a pretrial conference held before the trial judge and that all concerned understood that the defendant sought an instruction of the kind stated above.

on September 12, 1967, to buy a pair of trousers.

While on his way, and quite by chance, he met a friend, Luis, in Tijuana, Mexico. Luis wanted defendant to run an errand in the United States for an unidentified friend of Luis'. The unidentified friend asked defendant to take a package across the border. The package, defendant was told, contained medicine of a kind not sold in the United States. Defendant was told to trust Luis, and that there was nothing bad in the package. Defendant was further told that he would receive thirty dollars for the errand when he returned.

Defendant acquiesced and was handed a small package. It was quadruply wrapped in a prophylactic, rewrapped in a plastic sack, further wrapped in black plastic tape, then rewrapped in a napkin secured with a rubber band. While standing in line at the border, defendant hid the unopened package inside his left sock. When defendant was asked if he had anything to declare, he replied negatively. He was searched, however, and the package was found.

Rule 31(c), Federal Rules of Criminal Procedure, provides that a defendant may be found guilty of an offense "necessarily included" in the offense charged.[2] There is a difference between an offense "necessarily-included," and a "lesser-included" offense,[3] but the terms are used interchangeably by courts: It seems to be recognized that Rule 31(c) covers lesser-included offenses as well as necessarily-included offenses.

Under Rule 31(c), when some of the elements of the crime charged themselves constitute a lesser crime, the defendant, if the evidence justifies it, is entitled to an instruction which would permit a jury to find the accused guilty of the lesser crime. Sansone v. United States, 380 U.S. 343, 349, 85 S.Ct. 1004, 13 L.Ed.2d 882.

To be necessarily included in the greater offense, the lesser must be such that it is impossible to commit the greater without first having committed the lesser. James v. United States, 9 Cir., 16 Alaska 513, 238 F.2d 681, 683. Stated differently, the offense must not require some additional element not needed to constitute the greater offense. Waker v. United States, 1 Cir., 344 F.2d 795, 798. Moreover, the lesser offense must be included within but, on the facts of the case, not completely encompassed by, the greater offense. Sansome v. United States, 380 U.S. 343, 349–350, 85 S.Ct. 1004, 13 L.Ed.2d 882.[4]

With these principles in mind we turn to a comparison of the essential elements of the section 174 offense, as charged in the indictment, and the essential elements of a section 545 offense.

The essential elements of the section 174 crime charged against defendant are: (1) defendant imported and brought into the United States from Mexico, (2) heroin, a narcotic drug, (3) knowing that he was importing heroin, (4) contrary to 21 U.S.C. § 173.[5]

The first two paragraphs of the general smuggling statute, 18 U.S.C. § 545,

---

**2.** Rule 31(c) carries forward the provision of the Act of June 1, 1872, § 9, 17 Stat. 198. United States v. Markis, 2 Cir., 352 F.2d 860, 866. While the primary purpose of the Act was to aid the prosecution when its proof did not live up to expectation, the Act may also be availed of, in appropriate cases, by the defense. Stevenson v. United States, 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980.

**3.** As observed in 8 Moore's Federal Practice (2d ed.),
　31.03:
　　"The former denotes a relationship which always exists between two of-

fense categories, such as larceny and robbery, regardless of the facts of a particular case. The latter depends upon particular facts."

**4.** Additional authorities supporting these statements are collected in Orfield, Criminal Procedure under the Federal Rules, § 31.12, pages 139–140.

**5.** Title 21, section 173, provides, with exceptions not here relevant, that it is unlawful to import or bring any narcotic drug into the United States.

quoted in the margin,[6] define two separate offenses. Babb v. United States, 5 Cir., 218 F.2d 538, 539–540; United States v. Claybourn, S.D.Cal., 180 F.Supp. 448, 451. Defendant relies upon that part of the first paragraph having to do with the smuggling or clandestine introduction into the United States of merchandise which should have been invoiced. The essential elements of an offense under that part of the first paragraph of section 545 are: (1) defendant knowingly, (2) willfully, (3) with intent to defraud the United States, (4) smuggled or clandestinely introduced into the United States, (5) any merchandise, (6) which should have been invoiced.

Assuming, but not deciding, that "any narcotic drug," as that term is used in section 174, is also "merchandise," as that term is used in section 545,[7] it is nevertheless apparent that the section 174 offense charged could be committed without committing such a section 545 offense. In order to convict defendant under the indictment, it was not necessary for the Government to prove that defendant acted "willfully" (as distinguished from "knowingly"), or that he acted "with intent to defraud the United States," or that the narcotic drug "should have been invoiced," all of these being essential elements of the section 545 offense upon which defendant relies. It follows that, under the principles stated above, the described section 545 offense cannot be regarded as either a lesser-included or a necessarily-included offense, within the section 174 crime charged.

We have also considered, *sua sponte*, whether the offense described in the second paragraph of section 545 could be a lesser-included offense with respect to the crime charged.

■■ The essential elements of an offense under the only relevant portion of the second paragraph of section 545 are: (1) defendant fraudulently or knowingly, (2) imported or brought into the United States, (3) any merchandise, (4) contrary to law. The fourth element, however, is not complete in itself. It is necessary to look elsewhere to see when importation or bringing in of merchandise is "contrary to law." [8]

Confining ourselves, as we must, to the circumstances of this case, it would appear that there are only two circumstances which could have rendered defendant's importation of merchandise (assuming narcotic drugs to be merchandise) "contrary to law" under the second paragraph of section 545. One of these is that defendant failed to unload and declare the merchandise when he brought it across the border. See 19 U.S.C. §

6. "Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced, or makes out or passes, or attempts to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper; or

"Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law— * * *."

7. Defendant testified that he thought he was smuggling "merchandise," and that

he did not realize the package contained a narcotic drug. The statutory definition of "merchandise" in 19 U.S.C. § 1401 (c) (1964) is "goods, wares, and chattels of every description, and includes merchandise the importation of which is prohibited." In Steiner v. United States, 9 Cir., 229 F.2d 745, 747, it was pointed out that the definition of merchandise in 19 U.S.C. § 1401(c) is probably applicable to the general smuggling statute, 18 U.S.C. § 545.

8. The term "contrary to law" means contrary to any existing law. Callahan v. United States, 285 U.S. 515, 517, 52 S.Ct. 454, 76 L.Ed. 914. In order for an indictment charging a violation of this part of section 545 to be sufficient, it must allege which law the defendant's action was contrary to. Current v. United States, 9 Cir., 287 F.2d 268, 269.

1461 (1964); Olar v. United States, 9 Cir., 391 F.2d 773.

■ It was not necessary, however, for the Government to prove that defendant failed to unload and declare the narcotic drug at the border in order to convict him of the section 174 charge. Therefore, a violation of section 545 based on failure to unload and declare is not a lesser offense within the section 174 crime charged, because proof of the greater did not necessarily prove the lesser.[9]

The other circumstance present in this case which could have rendered the importation "contrary to law" under the second paragraph of section 545 is that, assuming a narcotic drug is merchandise, its importation was prohibited by 21 U.S.C. § 173. If this is the unlawfulness relied upon to establish a violation of the second paragraph of section 545, then the essential elements thereof would be identical with the essential elements of the charged section 174 offense. Under either section, the Government would be required to prove that: (1) defendant imported and brought into the United States from Mexico, (2) heroin, a narcotic drug, (3) knowing that he was importing heroin,[10] (4) contrary to 21 U.S.C. § 173.

As stated earlier in this opinion, however, if the essential elements of one crime are identical with those of another, neither can be a lesser-included offense. A lesser offense must be included within but, on the facts of the case, not be completely encompassed by the greater offense.

■ The foregoing reasons lead us to hold, without reaching the question of whether "a narcotic drug," as used in section 174, is "merchandise," as used in section 545, that defendant was not entitled to a lesser-included offense instruction.

Affirmed.

HALL, District Judge (dissenting):

The heroin involved was "merchandise" in view of the provisions of 19 U.S.C. § 1401(c) which reads:

"The word 'merchandise' means goods, wares, and chattels of every description, and includes merchandise the importation of which is prohibited."

The Ninth Circuit in United States v. Sischo, in 1921, at 270 F. 958, in a civil case, held that opium, the importation of which was then prohibited, was not "merchandise," but the Supreme Court, in 1922, at 262 U.S. 165, 43 S.Ct. 511, 67 L.Ed. 925, reversed and held that narcotic opium was "merchandise," although opium was specifically dealt with in the Opium Act of 1918 which was the

---

9. Moreover, defendant was given no warning by the indictment for the section 174 crime that the issue of unloading in conformance with 19 U.S.C. § 1461 could be crucial at the trial. Therefore, a violation of section 545 based on failure to unload and declare is not a lesser offense within the section 174 crime charged since the indictment for the greater did not contain sufficient warning as to the elements of the lesser. Defendant cannot attempt to waive his right to notice in order to use the lesser-included offense doctrine. Kelly v. United States, 125 U.S.App.D.C. 205, 370 F.2d 227, 229. As the court said in that case:

"* * * [defendant's] right to invoke it [the lesser-included offense doctrine] does not extend beyond the right of the prosecutor. The right of the prosecutor is limited to the offense of which defendant has been given notice by the indictment and the defendant is not subject to conviction for other offenses because of the nature of the proof. What is controlling is the offense charged in the indictment, not the offense established by the trial proof, whether it is the prosecutor or defendant who is seeking extension from the offense charged to another offense as 'necessarily included.'"

10. Where the circumstance which makes the importation of narcotics "contrary to law" under the second paragraph of section 545, is the fact that it is a narcotic drug the importation of which is prohibited, the importer could not, to use the language of the second paragraph of section 545, "fraudulently or knowingly" import the merchandise contrary to law unless he knew the merchandise was a narcotic drug.

predecessor of Title 21, U.S.C. § 174, under which the present indictment was brought, and which makes it unlawful to import opium into the United States.

Thus it seems to me that a conspiracy to violate Sec. 174 of Title 21 by the importation of heroin necessarily includes a conspiracy to violate 18 U.S.C. § 545, the general conspiracy statutes concerning smuggling.

I dissent.