**The PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,**

v.

**Doris P. ROSARIO, Defendant-Appellant.**

**No. 79–1223.**

United States Court of Appeals, Ninth Circuit.

Dec. 20, 1979.

Rehearing Denied March 19, 1980.

William M. Fitzgerald, Cushnie & Fitzgerald, Agana, Guam, for defendant-appellant.

R. Barrie Michelsen, Crim. Div., Asst. Atty. Gen., Agana, Guam, for plaintiff-appellee.

OPINION

On Appeal from the District Court of Guam Appellate Division.

Before MERRILL and GOODWIN, Circuit Judges, and SCHNACKE,* District Judge.

PER CURIAM:

Rosario was charged, in a two-count indictment, with (1) unlawfully, knowingly and intentionally delivering a narcotic drug, and (2) unlawfully possessing such a drug with the intent to deliver and dispense.

---

* Honorable Robert H. Schnacke, United States District Judge for the Northern District of California, sitting by designation.

After the jury had been instructed, but before it retired to consider its verdict, the trial judge suggested that the lesser included offense instruction be given as to the second count. No such instruction had theretofore been requested as to either count. After the suggestion of the trial judge, defendant agreed that the instruction should be given as to the second count, but urged it also be given as to the first count, stating that "possession" is a lesser included offense within "delivery". This request was denied; the lesser included offense instruction was given only as to count two, and the jury found defendant guilty of the lesser offense. Defendant was found guilty as charged in count one.

In *Olais-Castro v. United States*, 416 F.2d 1155 (9th Cir. 1969), this court discussed the meaning of "lesser included" and "necessarily included." We stated:

"To be necessarily included in the greater offense, the lesser must be such that it is impossible to commit the greater without first having committed the lesser."

The government does not seriously argue that delivery, actual or constructive, can be accomplished without possession, actual or constructive. Rather, they contend that the request for the instruction was not timely.

Rule 30 of the Guam Penal Code is identical to Rule 30, F.R.Crim.P:

"No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

 Defendant's objection was timely and the matter and grounds were adequately stated. Failure to give the requested instruction was reversible error.

Judgment on the first count of the indictment is reversed and the matter remanded for a new trial thereupon.