Wallace Eugene **CURRENT**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17121.

United States Court of Appeals
Ninth Circuit.

Feb. 23, 1961.

Sankary, Sankary & Horn, Morris Sankary, David Horn, San Diego, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Thomas R. Sheridan, Robert E. Hinerfeld, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and MERRILL, Circuit Judges.

BARNES, Circuit Judge.

This is an appeal from a judgment of conviction based on a jury verdict on a two count indictment; the first charging the appellant with the illegal importation

of marijuana, which should have been invoiced, in violation of 21 U.S.C. § 176a,[1] and the second, smuggling and clandestinely introducing merchandise (namely, amphetamine tablets) which should have been invoiced, in violation of 18 U.S.C. § 545.[2] For a discussion of the difference between the "importation" or "bringing in" of merchandise, on the one hand, and "smuggling" or "clandestinely introducing" on the other, see United States v. Claybourn, D.C.S.D.Cal.1960, 180 F.Supp. 448. Jurisdiction below was based on 18 U.S.C. § 3231. Jurisdiction here is based on 28 U.S.C. §§ 1291, 1294(1).

The appellant was stopped at the Mexican border, when crossing into the United States. Upon questioning, he denied he was bringing "anything" across, and upon search, the marijuana and the pills were discovered in his vehicle. Two pounds one ounce of marijuana was discovered inside the right front door of his automobile, after two hundred and sixty amphetamine tablets and a single marijuana cigarette were found on his person, and a partially smoked marijuana cigarette in his baggage.

Appellant was sentenced to five years imprisonment on the first count and three on the second, both sentences to run concurrently.

Appellant urges as error three matters:

I. Neither count of the indictment alleges a crime against the United States in that the indictment fails to allege the essential elements of the offense sought to be charged.

II. There was a material variance between the allegations set forth in each count of the indictment and the evidence produced at the trial, so that the evidence was insufficient to support the judgment of conviction as a matter of law.

III. The court erred prejudicially and reversibly in overruling defendant's objection to the admission of evidence relating to the value of marijuana in Mexico on the date of the illegal importation. At the trial, the grounds urged for the objection were: "It is incompetent, immaterial, irrelevant, and has nothing to do with the issues of the case." The objection was renewed on the same grounds.

■ Appellant urges that merely to charge a person with violation of a statute "contrary to law" is insufficient to state an offense. We agree. Babb· v. United States, 5 Cir., 1955, 218 F.2d 538; Keck v. United States, 1899, 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505.

The present indictments do not stop with the words "contrary to law," as appellant infers. They each proceed to specify, in each count, that the act of appellant was contrary to law, "in that said marijuana [or "said merchandise"] had not been presented for inspection, entered and declared as provided" by Title 19, §§ 1461, 1484 and 1485 of the United States Code Annotated. Section 1461 obviously applies to an importer of the merchandise, §§ 1484 and 1485, to consignees of the merchandise. Eliminating §§ 1484 and 1485 as immaterial surplusage, § 1461 (of Title 19) reads as follows:

"All merchandise and baggage imported or brought in from any contiguous country, except as otherwise provided by law or by regulations of the Secretary of the Treasury, shall be unladen in the presence of and be

---

1. 21 U.S.C. § 176a provides in pertinent part:

"Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced * * * shall be imprisoned not less than five years or more than

twenty years and, in addition, may be fined not more than $20,000."

2. 18 U.S.C. § 545 provides in pertinent part:
"Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced * * * shall be fined not more than $10,000 or imprisoned not more than five years, or both."

**270**

inspected by a customs officer at the first port of entry at which the same shall arrive; and such officer may require the owner, or his agent, or other person having charge or possession of any trunk, traveling bag, sack, valise, or other container, or of any closed vehicle, to open the same for inspection, or to furnish a key or other means for opening the same."

Thus appellant was required when crossing the border from a contiguous country in a ship or automobile, or other conveyance to have his baggage and his merchandise *"unladen in the presence of and * * * inspected by a customs officer."* (Emphasis added.) This section (1461) is intended to set forth procedures to be followed by the casual and noncommercial importer, just as § 1459 is intended to set forth procedures to be followed by the commercial importer. The latter is required (a) to first present a manifest, (b) present the merchandise for inspection thereafter, and (c) not to enter the United States without a permit for such merchandise.

■■ That appellant was not charged with a violation of § 1459 in failing to produce a manifest, etc., is no concern of his—it is actually his good fortune not to be charged with another or additional violation. There might well exist an inference that over two pounds of marijuana was to be sold commercially; not used personally. Thus, each indictment properly referred to a violation of law, "in that" appellant had not presented the merchandise for inspection in violation of § 1461. There was no necessity for referring to § 1459. Nor can 18 U.S.C. § 545 be interpreted to apply to § 1459 rather than, or to the exclusion of, § 1461.

■ We conclude each indictment alleged sufficient facts to state an offense.

■ The alleged fatal variance next here urged relates to the same matters presented in appellant's first point. We find no fatal or material variance existed.

■ Appellant's one evidentiary point (that the court should not have admitted

evidence of the value in Mexico of the marijuana) relates, of course, only to the first count. Such evidence, urges appellant, may have inflamed the jurors' minds, because they may have believed the marijuana was being brought into this country for the purpose of making a profit.

Count one, relating to the marijuana, recited that the importation was "with intent to defraud the United States." One cannot have the intent to defraud unless *some* value attaches to the merchandise clandestinely brought across the border. The value, in Mexico, established commercial significance to the clandestine importation. The burden was on the government to show such commercial value, so that a jury would not conclude the value was *de minimis*, and so slight as to eliminate any question of intent to defraud. Perhaps two pounds one ounce is enough to prove substantiality by its mere quantity, but certainly the actual value is stronger evidence of a commercial value giving substance to an intent to defraud.

Finding no error, the judgment of conviction as to each count is affirmed.