**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph Eugene Robert HOULE,**
**Defendant-Appellant.**

**No. 27105**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 16, 1970.

Sandra Foster, Houston, Tex. (court-appointed), Joseph Eugene Robert Houle, pro se, for appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM.

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

Defendant was charged with two counts of violation of 21 U.S.C. 176a: Count I, that defendant knowingly and with intent to defraud the United States smuggled 98½ pounds of marijuana into the United States without having it invoiced; and Count II, that defendant facilitated the transportation and concealment of same, after importation, knowing same to have been imported contrary to law. Defendant pleaded not guilty and waived trial by jury. The District Court, Southern District of Texas, found defendant guilty of both counts and sentenced him to 20 years imprisonment. From that judgment, defendant has made this appeal.

The defendant contends that the judgment should be reversed for six reasons which are considered here seriatim.

■ Defendant's first contention is that the Government failed to prove that the defendant "knowingly and with intent to defraud the United States" brought marijuana into the United States unlawfully. This scienter element of the 176a-crime is provable by the statutory presumption in 176a that permits the jury to infer from defendant's possession of marijuana that he had intent to defraud the United States.[1] Defendant asks this court to declare this presumption as it relates scienter unconstitutional as it is "irrational" and "arbitrary" and a denial of due process.

We follow the well-established rule of construction that courts "will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of". State of Texas v. Grundstrom, 5 Cir., 1968, 404 F.2d 644, 649. While there is no showing that the District Court used the presumption, whether it did or not, there is strong evidence from which the trier of fact could draw an inference of intent without the aid of the presumption. Intent to defraud (without the aid of the presumption) is difficult, if not impossible, to prove by direct evidence. As a mental element of the crime " * * * it must be inferred from acts of the parties, and inferences may arise from a combination of acts, even though each act or instance, standing by itself, may seem unimportant". Gates v. United States, 10 Cir., 1941, 122 F.2d 571, 575, cert. den. 314 U.S. 698, 62 S.Ct. 478, 86 L.Ed. 558. Here there

---

1. The Supreme Court in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), declared the 176a statutory presumption unconstitutional only insofar as it related to two other elements of the 176a-crime—that the marijuana was unlawfully imported, and that the defendant knew it was unlawfully imported. The constitutionality of the presumption as it relates to the scienter element was not decided there. Footnote 65, 395 U.S. 6, at 37, 89 S.Ct. 1532, at 1548.

were two plastic bags full of marijuana, totalling 98½ pounds, hidden beneath the back seat of defendant's automobile, and defendant has not made any attempt to explain their presence, stating only that "That's the best stuff you can get". Under these facts, a presumption of intent is not needed; it is reasonable to infer the necessary intent. See United States v. Brooks, 5 Cir., 1969, 416 F.2d 459.

▇▇▇ The defendant's next three assertions of error are: (1) since the marijuana was seized at the border he could not have "brought into" the United States the marijuana; (2) that the invoicing requirement of 176a is unconstitutional as a violation of his Fifth Amendment right against self-incrimination; and (3) that because he never "brought into" the United States the marijuana, he could not have "facilitate[d] the transportation, concealment, or sale of such marijuana *after* being imported or brought in". All three of these contentions are disposed of by Judge Dyer of this court in Walden v. United States, 5 Cir., 1969, 417 F.2d 698. That case relies on Rule v. United States, 5 Cir., 1966, 362 F.2d 215, which, in turn, relies on Pickett v. United States, 223 F.Supp. 695 (S.D.Cal., 1963) all of which hold that the invoicing requirement of § 176a is not self-incriminating.

▇▇▇ Defendant's fifth point is that there was no evidence introduced by the Government that defendant smuggled marijuana "knowing the same to have been imported * * *". However, the *Leary* case itself sets out an implicit exception to proof of knowledge under this section. The Supreme Court asserts, at 395 U.S. 6, p. 47, 89 S.Ct. 1432, p. 1554, that one of the ways a person might acquire knowledge of importation is if he brought it in himself, which is obviously the case here.

▇▇▇ Finally, defendant raises the case of Current v. United States, 9 Cir., 1961, 287 F.2d 268, for the proposition that if the Government fails to introduce evidence as to the commercial value of the marijuana (in proving the element of intent to defraud) then the conviction must be overturned. However, a closer reading of the *Current* case reveals that it holds only that when the Government attempts to introduce evidence of value (which it is entitled to do) such is admissible in evidence.

None of the defendant's reasons for reversal having been sustained, we Affirm.