UNITED STATES of America,
Plaintiff-Appellee,

v.

Jeffrey Howard VAN POYCK, Defendant-Appellant.

No. 71–3369

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 4, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Louis Vernell, Miami Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Kenneth G. Oertel, Miami, Fla., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

This appeal is from a conviction on a one-count indictment charging appellant with receiving and concealing marijuana which he knew to have been illegally imported into the United States in violation of 21 U.S.C.A. § 176a.[1] Appellant now contends that his indictment and conviction were invalid due to the repeal of 21 U.S.C.A. § 176a prior to the time of indictment and trial. He also assigns as errors the contentions that the court erred in not giving specific instructions regarding "intent to defraud" as those words are used in the statute; that the evidence did not establish the necessary intent to defraud; and that it was error to admit evidence concerning a previous attempt to import marijuana contrary to law. We find these assignments to be without merit and affirm.

The evidence shows that customs agents discovered marijuana concealed in automobile transmissions which had been transported in barrels by air freight from Jamaica to Miami, Florida. The two barrels containing one transmission each were consigned to City Automatic Transmission in Miami. On the day when the customs agents made the discovery, appellant had gone to the owner of City Transmission and inquired whether the latter had received notice to pick up a shipment which had arrived via Pan American Air Freight. The owner replied in the affirmative. When the owner stated that he did not plan to pick up the shipment that day, appellant offered to pay extra for his services if the shipment could be obtained that day. Appellant explained that he needed one of the transmissions for his car. Later in the day, employees of City Transmission obtained the shipment and returned to their place of business accompanied by customs agents. When appellant arrived and took delivery of the barrels, he was arrested.

Evidence was also adduced through an undercover agent of other near contemporaneous activity on the part of appellant in connection with an effort to smuggle marijuana from Jamaica.

The contention regarding the repeal of 21 U.S.C.A. § 176a is controlled adversely to appellant by our recent decision in United States v. Roja-Colombo, 5 Cir., 1972, 462 F.2d 1091. There we concluded that 21 U.S.C.A. § 176a remained in effect as to acts occurring before May 1, 1971, the effective day of the repeal. Here the smuggling of marijuana occurred four months prior to the effective date of the repeal and was properly subject to indictment and trial after May 1, 1971.

The necessary proof as to intent to defraud was established by the inference to be drawn from proof of possession of the amount of marijuana in question (27¾ pounds). United States v. Houle, 5 Cir. 1970, 428 F.2d 816, 817. Moreover, the facts in the present case show, in addition to possession, a devious procedure for getting the marijuana from Jamaica to the United States and thus a separate and legally

1. 21 U.S.C.A., § 176a:
". . . whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or smuggles or clandestinely introduces into the United States marihuana which should have been invoiced, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or whoever conspires to do any of the foregoing acts, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,-000. . . ."

sufficient basis is provided for the inference of intent to defraud.

We have reviewed the charge of the court on the element of intent to defraud and find it entirely adequate and this assignment of error is rejected. There was no error in admitting the evidence of the earlier effort to smuggle marijuana from Jamaica. There was no request to limit this testimony to proving intent and motive. This could have been trial strategy. At any rate, the failure of the court to give a limiting instruction was not plain error.

Affirmed.