**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Roque OCHOA, Defendant-Appellant.**

**No. 28182.**

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1972.

Certiorari Denied Jan. 8, 1973.
See 93 S.Ct. 926.

Will Gray, Houston, Tex., Leonard M. Ochoa, Houston, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and MORGAN, Circuit Judges.

PER CURIAM:

This appeal is from a conviction by a jury on three counts laid under 21 U.S. C. § 176a,[1] a count charging conspiracy to smuggle and transport marijuana and substantive counts charging respectively smuggling and transport.

■ Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), does not require reversal. The court did not charge on the presumption invalidated by *Leary*. As to the conspiracy, there was direct first-hand evidence of its existence and of appellant's implication, given by a party to the conspiracy. As to the substantive counts, the evidence supported conviction under the principals statute, 18 U.S.C. § 2. There was sufficient evidence from which the jury could infer that marijuana delivered to two of the conspirators near the border but within the United States, by a runner bringing it over from Mexico, was in fact the same marijuana previously packaged by the same two conspirators in Mexico.[2]

■■ The claim that the indictment was insufficient for failure to allege knowledge of the imported character of the marijuana is without merit. As to the transportation count and that aspect of the conspiracy count relating to conspiracy to transport, knowledge of the illegal importation was alleged. Specific allegation of knowledge of illegal importation has no rational relevance to the substantive smuggling count and to that aspect of the conspiracy count relating to conspiracy to smuggle. A charge of conspiracy to smuggle carries within itself the concept of illegal introduction into the United States.

1. And brought prior to the repeal of that section. See United States v. Van Poyck, 464 F.2d 575 (5th Cir., 1972).

2. Thus we need not rely upon the stipulation entered into by counsel at trial concerning identification of the marijuana.

No objection was made to the jury charge on conspiracy. We have examined it and find no plain error.

The requirement that one declare marijuana at the customs gate does not violate the Fourth Amendment. United States v. Johnson, 439 F.2d 885 (5th Cir. 1971).

Affirmed.