**UNITED STATES of America,**
**Appellee,**

v.

**Ronald Lee ILLINGWORTH,**
**Appellant.**

No. 73-1207.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Aug. 15, 1973.

Decided Dec. 14, 1973.

Philip M. Jones, Lewis, Jones & Ellwood, Denver, Colo., for appellant.

Stephen M. Duncan, Sp. Asst. U. S. Atty. (James L. Treece, U. S. Atty., with him on the brief), for appellee.

Before HILL, BARNES * and SETH, Circuit Judges.

PER CURIAM.

Ronald Lee Illingworth appeals from a jury verdict finding him guilty of having violated the provisions of 18 U.S.C. § 842(a)(3), by unlawfully transporting explosives across state lines without a permit required by law. Illingworth appears to have taken an airplane flight from Pocatello, Idaho, to Salt Lake City, Utah, and then taken another flight from Salt Lake City to Denver, Colorado, while carrying a handbag containing dynamite. His expressed reason for this enterprise was to help his father blow up some tree stumps at the latter's farm in Iowa. He disclosed the contents of the bag to ticket agents at the Denver airport.

18 U.S.C. § 842 under which the prosecution was commenced is part of Chapter 40 of that title of the United States Code; so, too, is section 845 of Title 18, which provides that:

"(a) Except in the case of subsections . . . of section 844 of this title, this chapter shall not apply to:

"(1) any aspect of the transportation of explosive materials via . . . air which are regulated by the United States Department of Transportation and agencies thereof; . . . ."

Thus the question arises whether appellant could be prosecuted under section 842 in the face of the above exception to its application. The exception refers to materials which are *regulated* by the Department, and not necessarily prohibited.

The Federal Aviation Administration is an agency of the Department of Transportation [49 U.S.C. § 1652(e)(1)], and under 49 U.S.C. § 1421(a)(6), the Administrator of the Federal Aviation Administration is empowered and required to prescribe "[s]uch reasonable rules and regulations . . . governing other practices, methods and procedure, as [he] may find necessary to provide adequately for national security and safety in air commerce." This he has done. These regulations pertain to the carrying or transporting of explosives by civil aircraft in the United States. *See* 14 C.F.R. § 103.-7 (1973); Underwriters at Lloyd's of London v. Cordova Airlines, Inc., 283 F. 2d 659 (9th Cir.). These regulations relate to persons carrying certain dangerous articles on board passenger-carrying aircraft; these dangerous articles, in turn, are defined to include explosives of the type carried by Illingworth. While the applicable regulations are "not a paragon of logical organization of graphic lucidity," 283 F.2d at 661, it is clear that the dynamite which Illingworth carried with him on the planes was not only regulated, but also excluded from the range of "acceptable" explosives that, in certain circumstances, could be carried on board passenger-carrying aircraft, by 14 C.F.R. § 103.7 (1973). *See* 49 C.F.R. §§ 173.50, 173.51, 173.52, 173.53 (1973).

Additionally, Congress has specifically provided a penalty for violations of such regulations by enacting 49 U.S.C. § 1472, subsection (h)(1) of which, in relevant part, provides:

"Any person who knowingly . . . causes the transportation in air commerce of, any shipment, baggage, or property, the transportation of which would be prohibited by any rule, regulation, or requirement prescribed by the Administrator under subchapter VI of this chapter, relating to the transportation . . . of explosives or other dangerous articles shall, upon conviction thereof for each such offense, be subject to a fine of not more than $1,000, or to imprisonment not exceeding one year, or to

---

* Senior Circuit Judge, of the Ninth Circuit, sitting by designation.

both such fine and imprisonment;
. . . ."

Again the reference is to, "explosives."

Thus, the appellant could not be prosecuted under 18 U.S.C. § 842(a)(3) by reason of the clearly provided exception to its application. Explosives are *regulated* by the Administrator of the Federal Aviation Administration, an agency of the Department of Transportation, in regard to their transportation by air. There is no ambiguity in the statutory exception; nor is there any question of the existence of alternative statutes open to the prosecution in this case by reason of the explicit exception in 18 U.S.C. § 845(a)(1) to section 842's application. Congress has provided this exception to permit regulation by appropriate authorities and they have done so. Congress has also provided for penalties for violation of these regulations.

The judgment is vacated, and the case is remanded with directions to dismiss the indictment. This action constitutes no bar to a proper indictment.