**UNITED STATES of America, Plaintiff,**

v.

**Oliver Stefan PETRYKIEVICZ, Defendant.**

**No. CR92–290Z.**

United States District Court, W.D. Washington, at Seattle.

Dec. 14, 1992.

Susan B. Dohrmann, Asst. U.S. Atty., Seattle, WA, for plaintiff.

Robert Steven Mahler, Federal Public Defender, Seattle, WA, for defendant.

## ORDER

ZILLY, District Judge.

## I.

### INTRODUCTION

THIS MATTER comes before the Court on the defendant's motion for judgment of acquittal of Counts I and II of the Superseding Indictment pursuant to Fed. R.Crim.P. 29. Count I charged that the defendant, not being a licensee or permittee under the provisions of Chapter 40 of Title 18, knowingly transported and shipped and caused to be transported and shipped in foreign commerce an explosive material (approximately one pound of PETN) in violation of 18 U.S.C. §§ 841(c) and (d), 842(a)(3)(A), and 844(a). Defendant was charged in Count II with importing this same explosive material into the United States contrary to law, in violation of 18 U.S.C. Section 545. The defendant was also charged in Count III with making a false statement to a customs inspector. At trial, the defendant moved to have the Indictment dismissed pursuant to Rule 29. The Court denied the motion as to Count III and deferred a ruling on the motion for judgment of acquittal on Counts I and II until the parties could fully brief the issues presented. After trial, the jury found the defendant guilty of Counts I and II and not guilty of Count III. On November 24, 1992, the Court heard oral argument on defendant's motion for judgment of acquittal. The Court then took the motion under advisement. For the reasons stated in this order, the Court GRANTS the defendant's motion and DISMISSES Counts I and II of the Superseding Indictment.

## II.

### ANALYSIS

The defendant was arrested on May 26, 1992 at the Seattle–Tacoma International Airport, having arrived on United Airlines Flight # 933 from London, England. At the time of his arrest, the defendant had in his possession a safety fuse and approximately one (1) pound of explosive materials containing pentaerythritol tetranitrate, commonly referred to as PETN.

Title 18, United States Code, Chapter 40, contains statutes relating to the importation, manufacture, distribution, and storage of explosive materials. 18 U.S.C. §§ 841–848. Defendant was charged in Count I with a violation of 18 U.S.C. § 842(a)(3)(A) which provides in pertinent part that:

(a) It shall be unlawful for any person—

(3) other than a licensee or permittee knowingly—

(A) to transport, ship, cause to be transported, or receive in interstate or foreign commerce any explosive materials....

Administration of Chapter 40 is vested in the Secretary of the Treasury or his delegate. 18 U.S.C. § 841(k). The defendant was charged in Count II with importing and bringing a safety fuse and explosive materials into the United States "contrary to law" in violation of 18 U.S.C. § 545. The Government's Superseding Indictment relies upon §§ 18 U.S.C. § 841(c) and (d), 842(a)(3)(A), and 844(a) to satisfy the "contrary to law" portion of the charge in Count II. As a result, the defendant's arguments relating to the application of Section 845 will be critical as to both counts.

The defendant contends that he must be acquitted of the charges in Counts I and II because his conduct falls within the exception to Chapter 40 violations contained in 18 U.S.C. § 845(a)(1). Entitled "Exceptions; relief from disabilities," § 845(a)(1) provides as follows:

(a) Except in the case of subsections (d), (e), (f), (g), (h), and (i) of section 844 of this title, this chapter shall not apply to:

(1) any aspect of the transportation of explosive materials via railroad, water, highway, or air which are regulated by the United States Department of Transportation and agencies thereof;

It is undisputed that the Department of Transportation regulates some aspects of the transportation of explosive materials, including PETN and safety fuses. *See, e.g.*, 49 U.S.C.App. § 1472(h)(2) (makes unlawful the willful delivery to an air carrier for transportation baggage which contains a hazardous material in violation of any rule or regulation promulgated by the Department of Transportation); 49 C.F.R. § 171.3(a) (prohibits the offer for transportation of hazardous materials unless properly described, packaged, marked, labeled, and in condition for shipment as required by regulations); 49 C.F.R. § 173.27(b) (prohibits the transportation by passenger-carrying aircraft of certain hazardous materials, including PETN, identified in the section 172.101 Table as "forbidden"); 49 C.F.R. § 173.27(c) (describes requirements for transportation of hazardous materials, including safety fuses, that are not forbidden from air transportation).

Although the Department of Transportation regulates many aspects of the transportation of explosive materials, it does not regulate licensing requirements relating to explosive materials. License applications and requirements to "import, manufacture, or deal in explosive materials" are governed by 18 U.S.C. § 841 *et seq.* and the regulations promulgated by the Secretary of the Treasury. *United States v. Guess*, 629 F.2d 573, 575 (9th Cir.1980); 18 U.S.C. § 843; 27 C.F.R. Part 55, Commerce in Explosives.

Defendant's motion to dismiss is based on the exception contained in 18 U.S.C. § 845. Defendant contends that because some aspects of the transportation of explosive materials are regulated by the Department of Transportation, that the exception applies to all aspects of the transportation of explosive materials. Brief of Defendant in Support of Motion for Judgment of Acquittal on Counts I and II, at 16. In effect, the defendant reads § 845(a)(1) as a preemption clause.

The defendant relies on *United States v. Illingworth*, 489 F.2d 264 (10th Cir.1973), the only Circuit Court opinion to analyze the statutory exception involved here. In *Illingworth*, the defendant took an airplane flight from Pocatello, Idaho to Salt Lake City, Utah and from Salt Lake City to Denver, Colorado while carrying a handbag containing dynamite. Like Petrykievicz, Illingworth was charged under 18 U.S.C. § 842(a)(3) with transporting explosive materials, via air, without a license. *See* Illingworth's Indictment, Exhibit B to Defendant's Brief, docket no. 86. The issue presented in *Illingworth* was whether the defendant could be prosecuted under § 842 in the face of the exception contained in § 845. The court stated that "the exception refers to materials which are *regulated* by the Department" of Transportation. (Emphasis by Court.) *Id.* at 265. Because explosives were regulated by the Department of Transportation, the Tenth Circuit concluded that Illingworth could not be prosecuted under Chapter 40 by reason of the "clearly provided exception to its application." *Id.* at 266. The *Illingworth* court, finding no ambiguity in the statutory exception contained in § 845, reasoned that

... it is clear that the dynamite which Illingworth carried with him on the planes was not only regulated, but also excluded from the range of "acceptable" explosives that, in certain circumstances, could be carried on board passenger-carrying aircraft, by 14 C.F.R. § 103.7 (1973).

*Id.* at 265.

The *Illingworth* court therefore dismissed the indictment against that the de-

fendant based on the exception contained in § 845. The facts in *Illingworth* are almost identical to the facts in the present case. The decision by the Tenth Circuit is, however, not binding on this Court.

The Government argues the *Illingworth* court "failed to understand the essence of the charge" and in any event was wrongly decided. The Government argues, citing *United States v. Scharstein*, 531 F.Supp. 460, 466 (E.D.Ky.1982), that because licensing is not an aspect of transportation which is regulated by the Department of Transportation, the exception in § 845(a)(1) does not apply. In *Scharstein*, the defendant was convicted of illegally manufacturing, storing and transporting illegal explosives in violation of 18 U.S.C. § 841 *et seq.* Scharstein contended that because these activities were regulated by the Department of Transportation, they were not subject to criminal prosecution under 18 U.S.C. § 841 *et seq.* The *Scharstein* court found that "the key word in constructing the meaning of § 845 was the word 'aspect.'" *Id.* at 466. The *Scharstein* court held that the aspect of licensing the transportation of explosive materials was covered by the Department of Treasury and the aspect of labeling, packaging, mode of transportation, placarding and shipping papers was regulated by the Department of Transportation regulations. The *Scharstein* court then concluded that the defendant had been charged with conduct involving the transportation of explosives without a license which was governed by 18 U.S.C. § 841 *et seq.*, reasoning that

> The aspects regulated by the Department of Transportation pertain to the physical requirements or manner in which hazardous materials must be transported by one who has a license. Hence, the "aspect" governed by the Secretary of Treasury under 18 U.S.C. § 841 *et seq.* is *who* may transport, manufacture, etc. The aspect regulated by the Department of Transportation is *how* items may be transported once the transporter obtains a license. In the present case, therefore, the 18 U.S.C. § 845 exclusion does not apply since the defendants were not charged with any offense

concerning any aspect regulated by the Department of Transportation.

*Id*, at 466–67. The *Scharstein* decision is contrary to the holding in *Illingworth.*

▮ The defendant contends § 845 is clear, unambiguous and that it should be given its plain meaning. There is a strong presumption that Congress expresses its intent through the language it uses. *INS v. Cardoza–Fonseca*, 480 U.S. 421, 432, 107 S.Ct. 1207, 1213, 94 L.Ed.2d 434 (1987). When the language is clear, courts should consider legislative history only to determine whether there is "clearly expressed legislative history to the contrary." *U.S. v. Geyler*, 932 F.2d 1330 (9th Cir.1991). The only legislative history relating to § 845 suggests a different intent but falls short of a clearly expressed legislative intent necessary to override plain language in the statute.

In contrast to the defendant's position that the statute is not ambiguous, the Government's attorney conceded at oral argument that there is "perhaps an ambiguity" in § 845 and argued that the exception should be read as if the statute used the word "is" rather than the word "are" in 18 U.S.C. § 845(a)(1). So read, the statute would exempt "any aspect of the transportation of explosive materials ... which [*is* ] regulated by the ... Department of Transportation." The Government relies on the legislative history which provides that

> This chapter is not meant to affect aspects of the transportation of explosive materials regulated by the Department of Transportation.

Attachment 1 to Government's brief in response, docket no. 82. This legislative history refers to "aspects" of the transportation of explosive materials and lends support to the Government's position. However, even the legislative history is not a model of logic or clarity. Further, the legislative history appears contrary to the plain language of the statute. A proper grammatical reading of the exception results in an interpretation that provides that if the explosive materials transported via air "are" regulated, the exception applies. In contrast, a complete reading of 18

U.S.C. § 841 *et seq.* and 49 U.S.C.App. § 1472 *et seq.* and the regulations promulgated under these statutes, strongly suggests that Congress intended to except only aspects of the transportation of explosive materials which were regulated by the Department of Transportation. Although this Court questions whether § 845(a)(1) *"clearly* provide[s]" for anything, the Court finds that a careful grammatical analysis of the exception does support the defendant's position. Inartfully drafted, § 845(a)(1) states that Chapter 40 shall not apply to "any aspect of the transportation of explosive materials ... which *are* regulated by the United States Department of Transportation and agencies thereof...." 18 U.S.C. § 845(a)(1) (emphasis added).

■ The Court must interpret the meaning of the words used by Congress. Clearly, many aspects of transporting explosive materials are regulated by the United States Department of Transportation. The Department of Transportation regulations expressly prohibit the transporting of PETN by commercial aircraft. 49 C.F.R. 172.101. The Government, however, properly directs the Court to the charge against this defendant which prohibits the transportation of explosive materials without a license or permit. The Government argues that "there is no question" that the conduct set forth in Count I is regulated by the Department of Treasury as it is the "status" of the defendant as a person without a license or a permit to transport explosive materials by air in foreign commerce which is the gravamen of the offense. Government's Brief at pp. 9–10. Although the Government is correct as to the nature of the charge, it is incorrect with respect to the gravamen of the defendant's conduct. Mr. Petrykievicz carried one (1) pound of PETN in his luggage from London, England to Seattle, Washington on a commercial aircraft. The clear gravamen of the conduct is the transportation of these explosive materials rather than whether or not he had a license from the Department of Treasury. Even if the defendant had obtained such a license, the defendant was prohibited from transporting the materials on the aircraft by the Department of Transportation regulations. Ultimately, the focus must be on the language of the statute rather than the gravamen of the offense. In the absence of the exception provided in § 845 of Title 18, the defendant could have been charged and convicted under either 18 U.S.C. § 842 or 49 U.S.C.App. § 1472. *United States v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979); *Scharstein,* 531 F.Supp. at 465.

To reach the result urged by the Government, one would have to read the exception in § 845(a)(1) as if it stated that Chapter 40 shall not apply to "any aspect ... which *is* regulated by the United States Department of Transportation...." However, § 845(a)(1) uses the plural "are" instead of the singular "is" in the phrase "which *are* regulated." The phrase can therefore modify only the plural "explosives" and not the singular "aspect." If Congress meant to exempt from Chapter 40 "any aspect of the transportation of explosive materials ... which *is* regulated by the United States Department of Transportation" it could have done so. Instead, Congress stated that Chapter 40 shall not apply to "any aspect of the transportation of explosive materials ... which *are* regulated by the Department of Transportation." PETN and safety fuses are explosive materials which are regulated by the Department of Transportation.

The Government argues that such a reading of the exception would make meaningless the licensing regulations contained in 18 U.S.C. § 841 *et seq.* and the regulations of the Department of the Treasury. Thus, the Government, relying upon *Scharstein,* wants to focus on the word "aspect."

This Court concludes that the exception contained in 18 U.S.C. § 845 is ambiguous. Although a focus on the words "any aspect" or "aspect" would support the Government's position if the statute had used the word "are," a focus on the entire exception, giving effect to the words used, more strongly supports the defendant's position. The Court concludes that it must apply the words used by Congress in their entirety.

In order to rule in favor of the Government, the Court would also have to ignore a cardinal rule of statutory construction. The rule of lenity requires that "where there is ambiguity in a criminal statute, doubts are to be resolved in favor of the defendant." *Geyler,* 932 F.2d at 1336 (citing *United States v. Bass,* 404 U.S. 336, 348, 92 S.Ct. 515, 523, 30 L.Ed.2d 488 (1971)). Applying the rule of lenity to this case, the Court must construe § 845 in favor of the defendant, and conclude that the transportation of *these* explosive materials is regulated by the Department of Transportation, thereby making the exception applicable.

The Government makes one final argument in support of its position. It argues that the defendant has been charged with transportation of explosive materials in foreign commerce, that the defendant moved the materials before he boarded the aircraft in England and after he exited the plane in Seattle, and that these activities do not constitute foreign commerce and are not regulated by the Department of Transportation. The Government is mistaken. The Department of Transportation regulations relate to "foreign air commerce" which is defined as including commerce which moves wholly by aircraft or partly by aircraft and partly by other forms of transportation from any place outside the United States to a place in the United States. 49 U.S.C.App. § 1301(23); 49 U.S.C.App. § 1802(2).

### III.

### CONCLUSION

In conclusion, the Department of Transportation regulates many aspects of the transportation of explosive materials. Section 845 of Title 18 excludes the application of Chapter 40 of Title 18 if the explosive materials being transported are regulated by the Department of Transportation. Applying the exception in this case requires the Court to grant the defendant's motion to dismiss Count I. For the same reasons, Count II must also be dismissed. The criminal violations alleged in Count I of the Indictment underlie the importation count in Count II. *See United States v. Patel,* 762 F.2d 784, 790 (9th Cir.1985) (outlining four elements of crime of smuggling contrary to law, as set out in 18 U.S.C. § 545); *Current v. United States,* 287 F.2d 268, 269 (9th Cir.1961) (holding that the Government must allege which law the defendant's action was contrary to). The Government charges in Count II that the defendant's actions were contrary to §§ 841(c) and (d), 842(a)(3)(A) and 844(a). The exception contained in § 845(a)(1) applies with equal force to Count II which must also be dismissed.

IT IS SO ORDERED.